**Sherry A. SMITH and Jack W. Smith,**
**Plaintiffs-Appellants,**

v.

**Herschel A. GRAVES, Jr., M.D. and**
**Herschel A. Graves, Jr., M.D., P.C.,**
**Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

March 27, 1984.

Application for Permission to Appeal
Denied by Supreme Court
June 18, 1984.

William J. Hart, Madison, for plaintiffs-appellants.

Thomas A. Higgins, Nashville, for defendants-appellees.

## OPINION

TODD, Presiding Judge, Middle Section.

The plaintiffs, Sherry A. Smith and Jack W. Smith, have appealed from a summary judgment dismissing their malpractice suit against the defendants, Herschel A. Graves, Jr., and Herschel A. Graves, Jr., M.D.P.C.

Appellants present for review the following issues:

1. In a medical malpractice case, can the defendant physician carry the burden of proof required to sustain a motion for summary judgment solely on the basis of his own affidavit?

2. On the basis of the proof as presented, does there exist any disputed issue of material fact?

The subject of this controversy is surgery performed upon the plaintiff, Sherry A. Smith, by defendant, Herschel A. Graves, Jr. The negligence alleged is the leaving of foreign matter (a plastic tube) within the abdomen of the patient.

The defendant surgeon admits the surgery and that the plastic tube was intentionally allowed to remain inside a duct within the abdominal cavity for recognized therapeutic purposes.

In support of his motion for summary judgment, the defendant presented his own affidavit stating the details of the surgery and stating that each detail conformed to "recognized standards of acceptable professional practice in the community at that time". Defendant's affidavit also states that the pain of which the plaintiff complained was not attributable to the presence of the tube in plaintiff's abdomen.

Plaintiffs filed the affidavit of Dr. Arnulfo Agbunag, which stated that he removed a plastic tube from plaintiffs "common

duct" by endoscopic means and surgically revised scar tissue resulting from the previous surgery by defendant and that after said endoscopy and surgery, plaintiff's complaints of pain ceased. Said affidavit does not state the origin of the pain or any deviation from recognized standards of acceptable practice in the community at the time of the surgery by defendant.

Appellants first argument is:

1. That a witness is interested in the outcome of the litigation is sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact and it is therefore inappropriate to grant summary judgment solely on the basis of a party's affidavit.

■ Appellant concedes that, if the only issue is such as to require expert testimony and the affidavit of one expert is unchallenged by a counter affidavit of another expert, a summary judgment may be proper. *Bowman v. Henard*, Tenn.1977, 547 S.W.2d 527.

However, appellant insists that the affidavit of defendant was insufficient to support a summary judgment because he is a party. Appellant states that "Defendant's interest in the outcome of the litigation automatically creates an issue of fact which precludes summary judgment", citing *Price v. Allstate Insurance Co.*, Tenn. App.1981, 614 S.W.2d 377. The cited case was an action for fire loss under a fire insurance policy. The only evidence of the amount of loss was the lay opinion of the insured. The Trial Judge directed a verdict for the insured in the amount stated in insured's testimony. This Court held that the opinion testimony of the plaintiff was subject to evaluation by the jury and that the directed verdict would have been error except that the plaintiffs were entitled to a directed verdict on another ground, i.e. the fire policy had become a valued policy and proof of value was unnecessary for a total loss.

The cited case is inapplicable to the present controversy for several reasons.

1. The statements of the Court are dicta, being unnecessary to the result reached.

2. The subject of the controversy was value, as to which the owner's testimony has been traditionally accepted as competent due to the owner's special familiarity with the property. The owner's testimony was not strictly "expert testimony". *Wall v. Thalco, Inc.*, Tenn.App.1981, 614 S.W.2d 803; *Haynes v. Cumberland Builders, Inc.*, Tenn.App.1976, 546 S.W.2d 228, and authorities cited therein.

3. The case was not one in which the issue depended *entirely* upon expert testimony. A layman's testimony was properly accepted. *State ex rel. Smith Commr. v. Livingston Limestone Company*, Tenn. 1977, 547 S.W.2d 942.

■ 4. Juries are not required to accept testimony of value, but may exercise their own experience and judgment as to value. *Union Traction Co. v. Anderson*, 146 Tenn. 476, 242 S.W. 876 (1922) 25 A.L.R. 1496; *Southern Oil Works v. Bickford*, 82 Tenn. 651, 14 Lea 651 (1885).

5. The present case involves an issue as to which a lay-person would not be permitted to testify and as to which the jury would not be permitted to exercise their own experience and judgment.

Appellant cites *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). In *Bowman v. Heward*, supra, a similar holding by the U.S. Circuit Court of Appeals was disposed of by the Tennessee Supreme Court with the laconic comment, "without laboring the point, we disagree". This Court follows the holding of the Tennessee Supreme Court. Moreover, the cited case related to value of natural gas at the well head, which falls within the class of cases in which the knowledge and experience of the jury may be considered in addition to the testimony. Two justices disagreed with the cited authority on the very point for which it is cited.

■ The decisions of courts of the United States within their sphere of action are as conclusive upon state courts as laws of Congress made in pursuance of the Con-

stitution. *Mayor and Aldermen of City of Nashville v. Cooper* 73 U.S. 247, 6 Wall. 247, 18 L.Ed. 851. However, a federal procedural decision regarding type of evidence required to support a summary judgment is not binding upon state courts. *Bowman v. Henard,* supra.

By statute in Tennessee, parties are declared to be competent to testify in their own cases. TCA § 24–1–201.

■ The appellants' first issue is found to be without merit.

Appellants' argument in support of their second issue is as follows:

II. The proof clearly demonstrated that there existed several disputed issues of material fact and it was error for the Trial Court to grant defendant's motion for summary Judgment.

Appellants insist first that the affidavit of Dr. Agbunag who performed the second surgery is sufficient to demonstrate a dispute as to material facts.

Appellants rely upon Dr. Agbunag's affidavit that he removed a foreign object from Mrs. Smith's body.

■ The unexplained presence of a foreign body in a body after surgery may be grounds for finding negligence. *Rural Educational Association v. Bush,* 42 Tenn.App. 34, 298 S.W.2d 761 (1956). However, if the act of alleged malpractice does not lie within the knowledge of a layperson, expert testimony is required. *Bowman v. Henard,* supra; *Calhoun v. Fraser,* 23 Tenn.App. 54, 126 S.W.2d 381 (1939).

■ In the present case, the uncontradicted evidence is that the "foreign object" was a catheter or tube which was placed in the pancreatic duct to assure free flow through the duct during healing and with the medically accepted anticipation that, when it had served its purpose, it would pass out of the body through the intestines. There being no contradiction of the expert testimony that the leaving of the tube in the body was in conformity with accepted surgical practice, the presence of the tube in the body could not sustain a verdict of negligence.

Although not relied upon in the complaint, in this Court there appears to be some reliance upon the fact that Dr. Agbunag removed the tube from the bile duct rather than from the pancreatic duct where it was placed according to defendant's affidavit. This apparent contradiction is explained in defendant's affidavit as follows:

.... An additional part of this surgical procedure consists of evaluating the opening of the pancreatic duct which usually empties into the duodenum along with the common bile duct as a common channel. If this opening is thought to be constricted, a sectioning thereof is performed similar to the sectioning of the bile duct sphincter. This was the procedure performed on the plaintiff, Sherry Ann Smith.

7. The diameter of the pancreatic duct is usually no greater than 3–4 millimeters (⅛ of an inch). As the reaction of tissue to a surgical incision is swelling, it follows that swelling of said duct could completely occlude the duct or channel. If such an obstruction occurs, it can cause post-operative pancreatitis which can be severe. It is a common surgical practice in order to prevent this complication to insert a small catheter into the pancreatic duct so as to allow the free flow of pancreatic juices. As the swelling from the surgical incision subsides, the catheter slips out into the intestinal tract and passes from the body. This process usually takes several weeks and generally does not cause any problems. This was the procedure used on the plaintiff, Sherry Ann Smith, as is clearly reflected in the operative record attached hereto. Given the fact that she did not experience post-operative pancreatitis, the procedure worked favorably.

■ The foregoing quotation is not in anywise contradicted. It is obvious that the pancreatic duct does not empty directly into the intestine (duodenum) but into the bile duct which, from that point serves as a

"common duct" to carry both bile and pancreatic fluid to the duodenum. It was therefore natural that the tube, in moving out of the pancreatic duct where it was placed should move into the bile duct where it was found by Dr. Agbunag. Thus, the finding of the tube in the bile duct does not contradict defendant's affidavit that it was placed in the pancreatic duct.

Appellant's next insistence is that the affidavit of defendant that the tube was in no way related to the pain experienced is contradicted by the affidavit of Dr. Agbunag that the pain ceased after his surgery. If Dr. Agbunag's surgery had been confined to the removal of the tube, appellants' insistence would have substance, but this is not the case. The operative notes exhibited to Dr. Agbunag's affidavit include the following:

PREOP

DIAGNOSIS Retained plastic tube at the region of the common duct, status post transduodenal sphincteroplasty and pancreatic duct septoplasty 4 months ago; stitch granuloma in the right quadrant on subcostal incision scar.

----

TECHNIQUE The patient was placed under general anesthesia. The fiberoptic Olympus GIF–Q gastroscope was introduced. The entire esophagus appears to be normal with regards to motility and mucosal lining. The stomach was inflated with air and retroflex examination of the gastroesophageal, cardiac, fundic and pyloric region appears to be essentially normal. The gastroscope was then introduced into the duodenum and exploration showed that the sphincteroplasty is widely open and approximately 1 inch of the plastic tube could be seen in the lumen of the duodenum. The Olympus gastroscope was then removed and the right angle duodenoscope was then introduced positioned in the region of the duodenum, 1 mg. of Glucagon was then injected IV to make the duodenum hypotonic. Several attempts were made to grasp the plastic tube with some degree of difficul-

ty because of the position. Further injection of Glucagon was then injected after another 45 minutes and with the use of a biopsy forceps the catheter was then pulled out with the duodenoscope. The Olympus gastroscope was again introduced and positioned in the region of the duodenum. Examination of the ampulla showed it to be patent with very minimal induration. The air that was used to inflate the stomach was then aspirated out. Because of marked distention of the abdomen a nasogastric tube was positioned in place for decompression for about 6 hours. Mylicon 80 using 5 cc. liquid solution was then instilled at the region of the duodenum for easy passage of the air that had passed through the small bowel. Patient tolerated the procedure very well. Operation time 2 hours, 50 minutes.

The abdomen was then prepped and draped in the usual fashion. An incision was then made at the right subcostal scar excising the stitch granuloma. During excision of granuloma, subcostal nerve was freed from the scar tissue which appears to be entrapped. The transversus abdominis muscle, external oblique and external aponeurosis were then approximated with O Dexon interruptedly, cubsutaneous tissue was approximated with 3–P dexon and the skin with 5–0 nylon interrupted.

From the above, it is obvious that, prior to surgery, it was determined that the patient had a tube retained from the previous surgery *and* a "stitch granuloma" on the scar. It is also obvious that the tube was removed by a flexible device inserted without surgery, but that the problem with the scar required surgery to free a nerve from scar tissue.

There is no evidence that the pain resulted from the tube, rather than from the nerve in the scar. Therefore, there is no contradiction of the affidavit of defendant that the tube could not have caused the pain. Thus, as in the case of the "foreign object", the inference to be drawn by a layperson from the existence and termina-

tion of pain is completely erased by the presence of another probable cause without any evidence to indicate which of the two possible causes was the actual cause.

Moreover, the cause of the pain is immaterial until negligence has been shown and, as previously demonstrated, no negligence is shown.

Appellants' final insistence is that there is an issue of fact as to whether the insertion of the tube was necessary. The evidence is uncontradicted that the insertion of the tube was in conformity with accepted surgical practice. Even if it were shown that the particular patient could have recovered satisfactorily without the tube, this would not alter the fact that accepted medical procedure required the insertion. It is common knowledge that many preventative procedures are precautionary and are taken "just in case of need" rather than upon a finding of certainty of need.

Appellants nevertheless insist that negligence is shown by the finding of the tube in a place other than the pancreatic duct but, as previously demonstrated, the presence of the tube in the common bile duct was perfectly consistent with its previous placement in the pancreatic duct.

Counsel for plaintiffs is to be commended for his thorough research and presentation of reasoning to support plaintiff's suit. The facts of a case occur prior to counsel's connection with it. Therefore, counsel cannot be faulted if the facts of the case do not support his clients' insistence.

The summary judgment of dismissal is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded to the Trial Court for such further proceedings as may be necessary and proper.

Affirmed and Remanded.

CANTRELL and LEWIS, JJ., concur.