# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON
-----------------------------------------------------------------------

| | |
|---|---|
| EMMA LOU CROWE, ) | Madison Circuit |
| Plaintiff/Appellant )  v. ) | Case No. C-95-347 |
| JAMES CRAIG, M.D., THE JACKSON ) CLINIC, and CONNIE GALBRAITH, ) | Appeal No. 02A01-9612-CV-00297 |
| Defendants/Appellees ) | |

**FILED**

**June 27, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE
THE HONORABLE WHIT LAFON, JUDGE

**DUNCAN E. RAGSDALE**
100 N. Main St., Ste. 2340
Memphis, TN 38103
Attorney for Appellant

**THOMAS H. RAINEY**
**ANGELA C. YOUNGBERG**
**Rainey, Kizer, Butler, Reviere &**
**Bell, P.L.C.**
105 S. Highland Ave.
Jackson, TN 38301
Attorneys for Appellees

**AFFIRMED**


**WILLIAM H. INMAN, SENIOR JUDGE**


**CONCUR:**


**W. FRANK CRAWFORD, PRESIDING JUDGE (W.S.)**


**ALAN E. HIGHERS, JUDGE**

**O P I N I O N**

This action for damages for medical malpractice was dismissed on motion for summary judgment. We affirm.

The suit was filed on October 19, 1995. The plaintiff alleged that on October 20, 1994, Dr. Craig prescribed narcotic pain medication when he knew or should have known that the plaintiff was allergic to narcotics. The reaction allegedly caused the plaintiff to suffer a stroke.

The answer averred that the plaintiff had a history of nausea induced by narcotics, which is not a true drug reaction, and which does not preclude the use of narcotic medication when necessary for pain. It was further alleged that the plaintiff's pain was controlled by a morphine pump, prescribed by Dr. Ronald Homra, an anesthesiologist.

A motion for summary judgment was filed by the defendants, supported by the affidavits of Dr. Craig, Dr. Michael Brueggeman and Connie Galbraith, R.N.

Dr. Craig deposed that he was an orthopedic surgeon,[1] practicing in Madison County and was familiar with the recognized standard of care. He testified that the plaintiff was not allergic to narcotics, that no medication caused the plaintiff's stroke, and that his treatment of her did not fall below the acceptable standard of care.

Ms. Galbraith testified she did not administer pain medication to the plaintiff, did not assist Dr. Craig in the bilateral knee replacement arthroplasties, and that her conduct comported in all respects to an acceptable standard of care.

These affidavits were filed February 9, 1996, and will be more fully addressed hereafter.

On August 12, 1996, the plaintiff filed the affidavit of Dr. Michael E. Hayek, a practicing surgeon in St. Louis, Missouri. He testified that he had reviewed the medical records of the Jackson-Madison County General Hospital and, from these records and "reports from family members," he opined that Dr. Craig fell below the standard of care by failing to order certain chemistry tests pre-operatively, by failing

---

[1]He was performing an orthopedic procedure on the plaintiff's knees.

2

to order post-operative chemistry tests to check for hypovolemia,[2] by failing to treat for hypovolemia, by ordering morphine, and by failing to anticoagulate earlier than 20 hours post-operatively.

The motion for summary judgment was scheduled for argument on July 19, 1996.  Counsel for the plaintiff desired a continuance, which was readily agreed to by counsel for the defendant, and, thereafter, the hearing was rescheduled for August 12, 1996, at which time the plaintiff filed the affidavit of Dr. Hayek.

This affidavit did not satisfy the statutory requisite that the affiant be familiar with the standard of care in Madison County, Tennessee, T.C.A. § 19-26-115(a)(1), but notwithstanding, the plaintiff neither sought a continuance nor asked for an opportunity to amend the affidavit of Dr. Hayek.  Rather, the plaintiff took the somewhat hard-line position that the affidavit was sufficient as filed to defeat summary judgment, which, if granted, would be reversible error.

When oral arguments were completed, the trial judge granted the motion and dismissed the case.  Whereupon, the plaintiff then filed a motion for a continuance of the hearing on the motion for summary judgment and another motion to amend the affidavit of Dr. Hayek.

These two motions were the subject of a motion to strike because they were irrelevant since summary judgment had already been granted.

The record does not reveal that the motion to strike was considered by the trial judge or that the plaintiff obtained leave of the court to file an amended affidavit. In any event, an amended affidavit by Dr. Hayek was filed.  The trial judge ruled thusly:

> The Court will not consider the amended affidavit of Dr. Hayek for the following reasons:
>
> A trial court has broad discretion in dealing with the qualifications and admissions of testimony of expert witnesses.  A trial court may, in its discretion, accept a late affidavit.  The court does not reject the Amended Affidavit of Dr. Michael Edward Hayek just because it is late in being filed.

---

[2]The condition in which the volume or quantity of blood in the body is below normal.

3

The court feels that the affidavit reveals that the qualifications and testimony are insufficient to create a material issue of fact and the court does not view it as new evidence or newly discovered evidence. For all of the foregoing reasons the court declines to consider the Amended Affidavit of Dr. Michael Edward Hayek.

The Affidavit of Tudy Jackson and the Affidavit of Kathy Jackson are insufficient to create a material issue of fact. Although plaintiff's Motion to Alter or Amend is requested pursuant to Tennessee Rules of Civil Procedure 52.01 and 52.02, the court will look to the substance of the request and will treat it as a Rule 59 Motion to Alter or Amend the Judgment. Findings of fact by the court pursuant to Rule 52.01 are unnecessary on decisions under Rule 56, but as stated, the motion will be treated as one under Rule 59. As heretofore stated, the court declines to consider the Amended Affidavit of Dr. Michael Edward Hayek and the Affidavits of Tudy Jackson and Kathy Jackson, which are insufficient to withstand the motion for summary judgment.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff's motion to Alter or Amend the Summary Judgment heretofore granted in favor of Dr. James Craig, The Jackson Clinic Professional Association, and Connie Galbraith, R.N. be and the same is hereby overruled and the relief requested is denied.

The appellant raises these issues for review:

      1)     Whether the Trial Court committed error and exceeded his discretion on August 2, 1996 by ordering Notice of Deposition of Dr. Craig quashed, and by prohibiting the taking of Dr. Craig's deposition or any other discovery until a hearing on Dr. Craig's Summary Judgment Motion.
      2)     Whether the Trial Court committed error and exceeded his discretion by denying Plaintiffs' Motion to continue the Summary Judgment Motion.
      3)     Whether the Trial court committed error and exceeded his discretion by denying Plaintiffs' Motion to Amend pursuant to T.R.C.P. 15.
      4)     Whether the Trial Court committed error and exceeded his discretion by denying Plaintiffs' Motion to Alter or Amend pursuant to T.R.C.P. 52.
      5)     Whether there were material issues of fact for the tryer[sic] of fact and whether the Trial Court committed error by finding there were no issues of fact.

With respect to the first four issues, our standard of review is whether an abuse of discretion has been shown. *Benton v. Snyder*, 825 S.W.2d 400, 416 (Tenn. 1992); *Tipton v. Smith*, 593 S.W.2d 298, 301 (Tenn. Ct. App. 1979). The standard of review applicable to the issue of whether summary judgment was properly granted is to determine if the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991); *Foley v. St. Thomas Hosp.*,

906 S.W.2d 448, 452 (Tenn. Ct. App. 1995); *Brenner v. Textron Aerostructures*, 874 S.W.2d 579, 582 (Tenn. Ct. App. 1993). TENN. R. CIV. P. 56.03 provides that summary judgment is appropriate only where (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Carvell*, 900 S.W.2d at 26; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that the motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991).

While the summary judgment procedure is not a substitute for trial, it goes to the merits of the complaint and should not be taken lightly. *Byrd*, 847 S.W.2d at 210; *Jones v. Home Indem. Ins. Co.*, 651 S.W.2d 213, 214 (Tenn. 1983); *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Foley*, 906 S.W.2d at 452. It has been repeatedly stated by the appellate courts of this state that the purpose of a summary judgment proceeding is not the finding of facts or the resolution of disputed factual issues or the determination of conflicting inferences reasonably to be drawn from the facts. *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988). Rather, the purpose of summary judgment is to resolve controlling issues of fact. *Id.*

In evaluating the propriety of a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-11. A motion for summary judgment should only be granted when both the facts and the conclusions drawn from the facts permit a reasonable person to reach only one conclusion. *Id.*

*Issue No. 1.* The record reveals that counsel for the plaintiff consented to the entry of orders pertaining to the deposition of Dr. Craig and that he elected to forego argument or hearing on his motions. The record reveals that counsel had ample time and opportunity to discover Dr. Craig, or whomever, and upon the hearing on

5

the motion for summary judgment, he sought no continuance and offered no objections to proceeding as scheduled. The issue is without merit.

*Issue No. 2.* We are somewhat baffled by this argument that the trial judge abused his discretion by denying the plaintiff's motion to continue the hearing on the summary judgment motion since the motion came *after* the trial judge had already ruled. No abuse of discretion is shown, and the issue is without merit.

*Issue No. 3.* Rule 15, TENN. R. CIV. P. requires liberality in ruling on amendments, but there are limits, as there must be; again, it was not until *after* the motion had been granted that the plaintiff sought to amend, and we have heretofore referenced the comments of the trial judge with respect to the amended affidavit. The plaintiff hard-lined the original affidavit, in effect, challenged the court, notwithstanding comments about its shortcomings, and we cannot find an abuse of discretion by the trial judge. This issue is without merit.

*Issue No. 4.* This involves a Rule 52 motion to alter or amend the judgment. The trial judge made these findings in denying the motion:

1.      It contains testimony that is not admissible.

2.      It fails to show facts establishing that he is familiar with the standard of acceptable professional practices required of the defendants in Jackson, Tennessee; it fails to show that he is familiar with the standard of acceptable professional practice in St. Louis, Missouri, and there is no fact or statement to establish that they are similar communities.

3.      There are no facts to show that he is an expert in determining the cause of a stroke nor to show that he specially makes his testimony relevant.

4.      His affidavit is not based upon personal knowledge.

5.      His affidavit does not attach all of the documents that he refers to or relies upon in his affidavit.

6.      He does not describe the standard of acceptable professional practice required of the defendants in Jackson, Tennessee or a similar community.

7.      The affidavit does not show that the stroke would not have occurred but for the conduct of Dr. Craig and Ms. Galbraith.

8.      The opinions are not stated to be to a reasonable degree of medical certainty.

9.      The affidavit does not contain any newly discovered evidence and it is quite apparent that the amended affidavit of Dr. Michael Hayek is simply an

attempt by plaintiff's counsel to "dress up" Dr. Hayek's first affidavit that was filed on the morning of the argument of the motion for summary judgment.

10.    The jurat[sic] of the amended affidavit of Dr. Michael Edward Hayek is the same as his first affidavit and is insufficient because it is "to the best of his knowledge, information and belief."

The record supports these exegeses, and we append the observation that the amended affidavit of Dr. Hayek contained no information which was theretofore unavailable.  We see no abuse of discretion here, and this issue is without merit.

*Issue No. 5.*  In *Byrd, supra*, the Supreme Court addressed the proper use of summary judgment, which is appropriate, as heretofore stated:

[o]nce it is shown by the  moving party that there is no genuine issue of material fact, the non-moving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial.

*Byrd*, 847 S.W.2d at 211.

In medical malpractice cases where expert medical testimony is necessary to establish proximate cause and negligence, affidavits executed by physicians that clearly and competently refute a plaintiff's contentions afford a proper bases for the entry of summary judgment in the absence of responsive proof by the plaintiff by affidavit or otherwise.  *Bowman v. Henard*, 547 S.W.2d 527 (Tenn. 1977).

Tennessee Rules of Civil Procedure 56.05 prescribes the requisite form of affidavits employed in support of motions for summary judgment:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleading, but his . . . response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If [he] does not so respond, summary judgment, if appropriate, shall be entered against [him].

In the case at hand, the defendants' affidavits were made on personal knowledge and set forth facts that would be admissible in evidence and that would show affirmatively that the affiants were competent to testify as to matters stated therein.

As a general rule, negligence and causation in medical malpractice actions must be proven by competent expert medical testimony. *Stokes v. Leung*, 651 S.W.2d 704 (Tenn. Ct. App. 1982). In order to testify as an expert witness in a medical malpractice action in Tennessee, the expert must be licensed to practice in Tennessee or in a contiguous bordering state a profession or specialty that would make his expert testimony relevant to the issues in the case. The expert must have practiced this profession or specialty in Tennessee or a contiguous state during the year preceding the date that the alleged injury or wrongful act occurred. T.C.A. § 29-26-115(b).

It is well-established that a defendant physician may rely upon his own affidavit in support of a motion for summary judgment. *Smith v. Graves*, 672 S.W.2d 787 (Tenn. Ct. App. 1984). Where a defendant files an affidavit of an expert stating that all of his care and treatment of the plaintiff met the recognized standard of acceptable professional practice required of him, summary judgment is appropriate if the plaintiff presents no competent expert testimony to challenge the defendant's affidavit. *Bowman*, 547 S.W.2d at 531. Accordingly, the court in *Bowman* succinctly stated the applicable rule as follows:

> [We] hold that, in those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise.

*Id.*

As we have previously stated, the defendants filed the affidavits of Dr. Craig, Ms. Connie Galbraith, R.N., and Dr. Michael Brueggeman, in support of their motion.

8

Dr. Craig deposed that he met with the recognized standard of acceptable professional practice required of him; that the plaintiff had no history of any true drug allergy; that he ordered post-operative Demerol as needed for pain, which was never administered to plaintiff, and that none of the medications given to plaintiff during her admission of October 20, 1994, caused or contributed to her stroke or cerebrovascular accident.

Ms. Connie Galbraith deposed that she met the recognized standard of acceptable professional practice required of her as a registered nurse; that she never gave the plaintiff any medication, and that she never gave any narcotic to the plaintiff as alleged in the complaint. She explained that she crossed out the pre-op medication order on the chart entry which she had made. Ms. Galbraith attached a copy of the only chart entry that bore her signature, which had been made at the Jackson Clinic, rather than at the hospital. Finally, Ms. Galbraith stated that she did not assist Dr. Craig in surgery because she was on vacation the entire time that plaintiff was in the hospital.

Dr. Brueggeman deposed that he is a board-certified neurologist and a consulting treating physician in this case, that he reviewed the complaint, the medication records, and the morphine narcotic administration record, that he specializes in the diagnosis and treatment of strokes, and opined that he was uncertain as to whether plaintiff's stroke was related to the surgery or not, and that possible causes of the stroke were a defect in a vessel wall, the narrowing of a vessel wall with collapse or a restriction, or an embolus. He testified that even though he did not know the precise reason for the plaintiff's stroke, he knew that it did not occur because of any medications listed on the medication sheet or from the use of the morphine pump. He stated that he was unaware of any studies that indicated that Demerol, morphine, or any of the medications shown on the medication sheet caused or contributed to a stroke, and expressed the opinion that all of the allegations that the plaintiff suffered a reaction to narcotics that caused or contributed to a stroke or cerebrovascular accident were false.

9

Conversely, the plaintiff has not adduced any competent expert testimony sufficient to sustain her burden of proof in accordance with the mandates of T.C.A. § 29-26-115. The original and, for that matter, the amended affidavits of Dr. Hayek were deficient for several reasons, including the following: (1) They failed to establish that Dr. Hayek was familiar with the recognized standard of acceptable professional practice in Jackson, Tennessee; (2) He failed to base his affidavits on personal knowledge; (3) He failed to state his opinions to a reasonable degree of medical certainty.

The judgment is, therefore, affirmed at the appellant's costs.

_____
William H. Inman, Senior Judge

CONCUR:


_____
W. Frank Crawford, Presiding Judge (W.S.)


_____
Alan E. Highers, Judge