## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

**RONNIE BRADFIELD,**

Plaintiff/Appellant,

**vs.**

**BILLY COMPTON, et al,**

Defendants/Appellees.

Lake Chancery No. 4249

Appeal No. 02A01-9705-CH-00111

**FILED**

**December 2, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF LAKE COUNTY
AT TIPTONVILLE, TENNESSEE

THE HONORABLE J. STEVEN STAFFORD, CHANCELLOR

For the Plaintiff/Appellant:

Ronnie Bradfield, Pro Se
Tiptonville, Tennessee

For the Defendants/Appellees:

John Knox Walkup
Jeffrey L. Hill
Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

# OPINION

This case involves a claim under 42 U.S.C.A. § 1983, filed by a state prisoner against employees of the Tennessee Department of Corrections. One defendant is a physician employed by Department. Plaintiff appeals the dismissal of his claims against all defendants. We affirm.

Plaintiff/Appellant Ronnie Bradfield ("Bradfield")[1] is an inmate at the Lake County Correctional Facility in Tiptonville, Tennessee. Bradfield filed a *pro se* 42 U.S.C. § 1983 complaint against several employees of the Tennessee Department of Corrections, including Defendant/Appellee Harold Butler, M.D. ("Dr. Butler"), a physician employed by the prison. Bradfield's Complaint alleges that the defendants forced him to perform certain tasks that he is unable to perform due to his medical condition, failed to protect his Constitutional rights to be "free from cruel and unusual pain," denied him access to court by limiting the amount of legal materials that he could keep in his cell, and failed to provide him with adequate medical care. Bradfield also charges that the Defendants denied him due process of law in his disciplinary hearing, levied false accusations against him, and retaliated against him for pursuing litigation.

Dr. Butler filed an answer to the complaint, as well as an affidavit acknowledging that he treated Bradfield and asserting:

> In performing such medical diagnosis, care and treatment, the affiant states he exercised that degree of care and skill prevailing in this community by physicians in good standing considering the physical conditions and needs of the plaintiff, Ronnie Bradfield, a/k/a Paul Farnsworth.

Dr. Butler then filed a motion for summary judgment. Dr. Butler asserted that Bradfield's Complaint failed to articulate a "short and plain statement of the claim showing that the pleader is entitled to relief." *Donaldson v. Donaldson,* 557 S.W.2d 60, 61-62 (Tenn. 1977); Tenn. R. Civ. P. 8.01. Dr. Butler noted further that Bradfield failed to proffer any evidence creating a genuine issue of material fact concerning Dr. Butler's alleged negligence. Bradfield then filed his own summary judgment motion against Dr. Butler, without including a physician's affidavit or other expert testimony regarding Dr. Butler's purported negligence.

The remaining defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. Tenn. R. Civ. P. 12.02(6). These defendants maintained that, to the extent

---

[1]For clarity, it should be noted that some of the plaintiff's pleadings filed in the trial court were signed:

Paul M. Biff Farnsworth, Esq.
A/K/A Ronnie Bradfield

that the Complaint asserted negligence, they are immune from the lawsuit pursuant to Tennessee Code Annotated § 9-8-307(h) (Supp. 1997). Additionally, the defendants asserted that Bradfield failed to specify his factual allegations, so as to show the personal involvement of any of the defendants. As to Bradfield's claim of denial to access to the courts, the defendants argued that the right to access to the courts is not unlimited and must be weighed against the prison's interest in penal administration. They noted that Bradfield failed to specify how the alleged denial of permission to keep unlimited legal materials in his cell resulted in "actual prejudice" regarding the claimed abridgement of his rights.

In a succinct order, the trial court granted Dr. Butler's motion for summary judgment and the other defendants' motion to dismiss. The trial court did not elaborate on its reasoning. The trial court denied a motion to rehear filed by Bradfield. From these orders Bradfield now appeals.

On appeal, Bradfield claims that the trial court erred by granting summary judgment in favor of Dr. Butler and granting the other defendants' motion to dismiss. Bradfield also alleges that the trial court erred by not granting his summary judgment motion. In addition, Bradfield asserts that the trial court improperly denied his motion for interlocutory appeal and his motion for a rehearing.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

In support of his motion for summary judgment, Dr. Butler submitted his affidavit, stating that he diagnosed and treated Bradfield in accordance with the proper standard of care prevailing in the community. Although Dr. Butler is a party, his affidavit alone is sufficient to support a summary

2

judgment motion.  *Smith v. Graves,* 672 S.W.2d 787, 789-90 (Tenn. App. 1984); *Crowe v. Craig*, No. 02A01-9612-CV-00297, 1997 WL 359261, *6 (Tenn. App. June 27, 1997).

On a medical malpractice claim such as Bradfield's, in order to create a genuine issue of material fact in accordance with Rule 56 of the Tennessee Rules of Civil Procedure, the plaintiff must produce a counter affidavit from an expert.  *Bowman v. Henard,* 547 S.W.2d 527 (Tenn. 1977); *Gambill v. Middle Tenn. Medical Center, Inc.*, 751 S.W.2d 145, 146-47 (Tenn. App. 1988). Bradfield did not proffer a counter affidavit or any other evidence to refute Dr. Butler's affidavit. Therefore, the trial court properly granted summary judgment in favor of Dr. Butler.

When considering the remaining defendants' motion to dismiss for failure to state a claim, "we are required to construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true."  *Pursell v. First American National Bank,* 937 S.W.2d 838, 840 (Tenn. 1996).  Our examination is limited to determining as a matter of law whether the allegations set forth in the complaint are sufficient to entitle the plaintiff to relief.  *Id.*

To the extent that Bradfield's claims involve alleged negligence by the prison employees, they are immune from suit.  Tennessee Code Annotated § 9-8-307(h) provides:

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain.

Therefore, the decision of the trial court is affirmed as to Bradfield's allegations of negligence.

Bradfield claims that he has been denied access to the courts, because the prison has limited the amount of legal material that he can keep in his cell.  Bradfield does not allege denial of access to legal material available elsewhere in the prison.  Moreover, Bradfield has failed to show how the limitation on his ability to keep legal materials in his cell has directly prejudiced his pursuit of a cause of action.  *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985).  The plaintiff is entitled only to meaningful access to legal materials, not total, unlimited access.  *Campbell v. Miller*, 787 F.2d 217, 227-30 (7th Cir. 1986).  Consequently, the decision of the trial court on this issue is affirmed.

Bradfield alleges further that his due process rights were violated by the filing of a false disciplinary report against him.  The filing of an allegedly false charge does not deprive an inmate of a liberty interest pursuant to Section 1983.  *Freeman v. Rideout,* 808 F.2d 949, 951 (2nd Cir. 1986); *El-Amin v. Tirey*, 817 F. Supp. 694, 698-99 (W.D.Tenn. 1993), *aff'd.* 35 F.3d 565 (6th Cir.

3

1994) ("An inmate does not have a liberty interest in not being charged with disciplinary violations."). "The inmate's right to due process is protected by the entire hearing procedure, and is not violated merely by a false report." *El-Amin*, 817 F. Supp. at 698.

In addition, Bradfield's complaint makes only conclusory allegations, and fails to articulate any factual basis for his claims. For instance, Bradfield claims that the defendants forced him to perform tasks in spite of his medical condition. He does not specify the tasks he was allegedly forced to perform, the medical condition to which he refers, or the particular defendants who allegedly forced him to perform the tasks.

Bradfield's Complaint also alleges that he was denied medical care. The pleadings do not enumerate the nature of the lack of treatment of which he complains and does not specify which specific defendants denied him this treatment. Bradfield also claims that the defendants denied him due process of law during disciplinary proceedings. Again, he fails to specify the proceeding to which he refers and who was involved. Bradfield, moreover, fails to demonstrate how any of the defendants deprived him of his Eight Amendment right to be "free from cruel and unusual pain."

In *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986), the Sixth Circuit held that "[i]t is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."

Similarly, Bradfield fails to state a claim for his retaliation allegation. This claim fails to "include a chronology of events from which retaliation may plausibly be inferred." *Stamps v. McWherter*, 888 F. Supp. 71, 74 (citing *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Thus, Bradfield may not "bootstrap a frivolous complaint with a conclusory and speculative allegation of retaliation." *Stamps*, 888 F. Supp. at 74.

Although *pro se* litigants are given a certain amount of "leeway" in drafting pleadings, "we cannot excuse a *pro se* party from complying with applicable procedural and substantive law." *Kaylor v. Bradley,* 912 S.W.2d 728, 733 n.4 (Tenn. App. 1995). In *Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. App. 1988), this Court stated:

> Parties who choose to represent themselves are entitled to fair and equal treatment. However, they are not excused from complying with applicable substantive and

4

procedural law, and they must follow the same procedural and substantive law as the represented party.

*Id.* at 652 (citations omitted).

Therefore, because Bradfield's complaint contains only conclusory allegations unsupported by any articulated factual basis, the decision of the trial court is affirmed on this basis as well. Bradfield's remaining issues on appeal are pretermitted by this holding.

The decision of the trial court is affirmed. Costs on appeal are taxed against the Appellant, for which execution may issue if necessary.

_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**

5