**IN THE COURT OF APPEALS OF TENNESSEE**
**AT JACKSON**

FILED

February 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RONNIE BRADFIELD,<br>a/k/a Paul Farnsworth, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Lake Circuit No. 97-7440 |
| | ) | |
| VS. | ) | Appeal No. 02A01-9707-CV-00171 |
| | ) | |
| STEPHANIE GREEN COLE, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE CIRCUIT COURT OF LAKE COUNTY
AT TIPTONVILLE, TENNESSEE
THE HONORABLE R. LEE MOORE, JR., JUDGE

**RONNIE BRADFIELD a/k/a Paul Farnsworth, pro se**
Whiteville, Tennessee

**GERALD S. GREEN**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Plaintiff-Appellant ("Plaintiff") brought an action in the trial court for legal malpractice

against his former attorney ("Defendant"). The court granted summary judgment for Defendant, and Plaintiff has appealed.

Plaintiff is incarcerated by the Tennessee Department of Correction after conviction on three counts of attempted murder in the second degree. Defendant represented Plaintiff on appeal, and Plaintiff alleges that Defendant fell below the applicable standard of care in her representation of Plaintiff.

## PROCEDURAL HISTORY

Plaintiff filed a complaint on April 30, 1996, in which he alleged that Defendant failed to represent him "in a zealous and effective manner." On June 5, 1996, Defendant filed a "Motion to Dismiss" which the trial court denied by order dated August 28, 1996.

Plaintiff filed several discovery motions and on October 4, 1996, he filed a motion to compel discovery from Defendant. On October 8, 1996, Defendant's attorney wrote a letter to Plaintiff, which is included in the record, in which he stated he had been unable to locate any interrogatories and that none had been filed in the cause. On November 8, 1996, the trial court directed Plaintiff to file his interrogatories and requests with the clerk of the court. The interrogatories were filed on December 10, 1996. On January 13, 1997, Plaintiff filed a motion for default judgment due to the failure of Defendant to provide discovery as ordered by the court. The trial court allowed Defendant until March 15, 1997, to provide discovery. Defendant filed a response to Plaintiff's interrogatories on March 3, 1997. Thereafter, Plaintiff alleged that the answers were not complete and renewed the request for a default judgment. The trial court denied this motion on April 22, 1997.

The Defendant filed an answer on May 27, 1997, and on the following day filed a motion for summary judgment supported by an affidavit of Defendant. The court granted Plaintiff up to June 30, 1997, to respond to the motion. Upon application of Plaintiff, the time to respond was extended to July 8, 1997. After Plaintiff filed his response, the court entered an order granting summary judgment to Defendant on July 21, 1997. From this

2

order Plaintiff appeals.

## DISCUSSION

Plaintiff lists four issues on appeal, but we perceive the sole issue to be whether the trial court was correct in granting summary judgment for the Defendant.

In a suit against an attorney for professional negligence, the Plaintiff must prove three things in order to recover: (1) the employment of the attorney; (2) neglect of a reasonable duty by the attorney; and (3) damages resulting from such neglect. Sammons v. Rotroff, 653 S.W.2d 740, 745 (Tenn. Ct. App. 1983). The settled general rule in most if not all American jurisdictions is that an attorney to whom the conduct of litigation is entrusted may be held liable to his client for damages resulting from his failure to exercise ordinary care, skill, and diligence, or, as it is frequently expressed, that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in the jurisdiction. Wood v. Parker, 901 S.W.2d 374 (Tenn. Ct. App. 1995); see A.L.R.2d 5, 12.

It is well settled in Tennessee that legal malpractice actions involving issues of standard of care and breach thereof require expert testimony. Lazy Seven Coal Sales v. Stone & Hines, 813 S.W.2d 400, 406 (Tenn. 1991); Cleckner v. Dale, 719 S.W.2d 535 (Tenn. Ct. App. 1986). In Lazy Seven Coal Sales v. Stone & Hines, supra, the Supreme Court quoted from Cleckner v. Dale, supra, in elaboration of the standard to which attorneys are held in civil actions for damages:

> The standard of care applicable to a particular case will vary depending upon the type of legal activity involved. The standard of care applicable to civil litigators may not be the same standard applicable to lawyers representing the buyers in a real estate transaction or to lawyers drafting complicated testamentary instruments. The varied nature of the practice of law underscores the necessity of expert proof intended to acquaint the finder of fact with the applicable professional standard in each case...[w]hether a lawyer's conduct meets the applicable standards is generally believed to be beyond the common knowledge of laypersons. Thus, except in cases involving clear and palpable negligence, most courts considering the issue have held that cases of legal malpractice cannot be decided without expert proof regarding the applicable standard of care and whether the lawyer's conduct complies with this standard.

3

Id. At 540. The Cleckner court went on to provide:

> We have determined that the evidentiary principles developed in medical malpractice cases are equally applicable to legal malpractice cases. The lawyer's standard of care, except in the most extreme cases, should be proved using expert testimony. Likewise, whether the lawyer's conduct in a given case departed from the applicable standard should also be proved by expert testimony.

In this case the Plaintiff had the burden to show that Defendant owed Plaintiff a duty of reasonable professional care as his attorney, that Defendant breached that standard of care, and that, as a result of the breach, Plaintiff suffered damages.

Defendant filed an affidavit in support of her motion for summary judgment in which she stated:

> Throughout my representation of the Plaintiff in his criminal matter, I abided by the standard of care owed by attorneys to clients and fulfilled my duty by providing the diligent representation owed to the client in the particular circumstances of the case of the Defendant [Plaintiff here].

The affidavit of a defendant expert is admissible for consideration in a motion for summary judgment. Smith v. Graves, 672 S.W.2d 787 (Tenn. Ct. App. 1984).

The issues of standard of care and whether the attorney provided a zealous and effective defense are matters requiring expert proof. In the case sub judice, Plaintiff has not come forward with any expert proof to establish the standard of care applicable to attorneys nor has he provided any expert opinion that Defendant deviated from the applicable standard. In Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993), the Supreme Court stated:

> When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05.

4

In summary, we conclude that, in those legal malpractice actions wherein expert legal testimony is required to establish and proximate cause, affidavits by attorney(s) who are experts in the particular area in question which clearly and completely refute Plaintiff's contention, afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by expert affidavit or otherwise. Consequently, we affirm the judgment of the trial court granting Defendant's Motion for Summary Judgment.

The Plaintiff also argues that he is entitled to default judgment for failure of the Defendant to provide a timely response to his requests for discovery and for failure to file a timely answer. The trial court considered these motions and denied them. We find no abuse of discretion. These contentions of Plaintiff are found to be without merit.

The judgment of the trial court is affirmed. Costs are adjudged against Plaintiff.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.

5