**IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| WILLIAM J. LOGAN | ) | HAWKINS CIRCUIT |
| | ) | (No. 5023) |
| Plaintiff/Appellant | ) | |
| | ) | NO.  03A01-9902-CV-00057 |
| v. | ) | |
| | ) | HON. JOHN K. WILSON |
| HEISKELL WINSTEAD, | ) | JUDGE |
| | ) | |
| Defendant/Appellee | ) | |

William J. Logan, Pro Se, Appellant
Thomas L. Kilday, Greeneville, for the Appellee.

# O P I N I O N

_____INMAN, Senior Judge

This is a legal malpractice action arising out of a criminal case.  The plaintiff was indicted on June 3, 1996 in the Criminal Court for Hawkins County on three counts: (1) simple possession of cocaine, (2) possession of a controlled substance with intent to sell, and (3) tampering with evidence.  The case was tried in the Criminal Court for Hawkins County on June 20, 1996 and plaintiff was convicted of the two drug-related felony counts with the misdemeanor charge being voluntarily dismissed upon motion of the State.  The plaintiff filed this *pro se* complaint for legal malpractice against defendant in the Chancery Court for Hawkins County on April 9, 1998,[1] and defendant filed a Motion for Summary Judgment, which the trial court granted.  We affirm.

---

[1]The case was transferred to Circuit Court pursuant to T.C.A. § 16-11-102(b).

Plaintiff contends the trial court abused its discretion in granting summary judgment to defendant because there were material issues of disputed fact as to whether defendant (1) helped the state prosecute him by failing to file a motion to suppress a void and invalid search warrant; (2) intentionally allowed and failed to object to illegal and irrelevant evidence, i.e., a videotape of plaintiff's home, car, furniture, appliances and jewelry; (3) failed to object to a multiple count indictment; (4) failed to make the State identify and produce its confidential informant at trial, and (5) improperly told the jury during closing argument how much time the plaintiff would receive if he was convicted.[2]

## I

We measure the propriety of the trial court's grant of summary judgment against the standard of RULE 56.04, TENN. R. CIV. P., which provides that summary judgment is appropriate where

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The nonmoving party is entitled to the benefit of any doubt. *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993). The court must "take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id.* At 210-11. All facts supporting the position of the nonmovant must be accepted as true by the trial court. *Id.* At 212. It is only when the material facts are undisputed and conclusively demonstrate that the movant is entitled to a judgment that a trial court is justified in depriving a claimant of its right to a plenary trial; in all other

---

[2]This fifth item was omitted from plaintiff's "Amended Petition" filed June 5, 1998 and therefore we presume he has waived this issue.

instances, a trial on the merits is required. Summary judgment "is clearly not designed to serve as a substitute for the trial of genuine and material factual matters." *Id.* At 210.

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in a summary fashion is appropriate. *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991); *Gonzales v. Alman Constr. Co.,* 857 S.W.2d 42, 44-45 (Tenn. App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment. *Id.; Hembree v. State,* 925 S.W.2d 513, 515 (Tenn. 1996).

## II

The plaintiff contends that the defendant helped the state prosecute him by failing to file a motion to suppress a void and invalid search warrant. The defendant filed an affidavit stating that he investigated the issue of the propriety of the search warrant and its issuance and determined that the search warrant was properly issued and executed. In the course of the hearing on plaintiff's petition for post-conviction relief, that court found no impropriety in the issuance or execution of the search warrant.

Next, the plaintiff contends that the defendant intentionally allowed and failed to object to illegal and irrelevant evidence, i.e., a videotape of plaintiff's home, car, furniture, appliances and jewelry. The defendant, in his affidavit, states that he considered the question of admissibility of the videotape evidence and determined that the videotape was properly made and legally admissible in evidence to show the locations where drugs or money were found during the search. This issue was raised at plaintiff's post-conviction relief hearing and the court found no error respecting the videotape evidence.

Next, the plaintiff contends that the defendant failed to object to a multiple count indictment. The defendant states that neither he nor Mr. Mattocks, plaintiff's attorney in his post-conviction relief hearing, could see any prejudice which resulted to his client with respect to the indictment. Mattocks stated at the post-conviction hearing: "Quite frankly, your Honor, I don't understand how it prejudiced him; but it's an issue he has and it's an issue he wants brought up." The court found no impropriety.

Next, the plaintiff contends that the defendant failed to make the State identify and produce its confidential informant at trial. The defendant states that his trial strategy was such that he did *not* want the confidential informant at trial, because the informant would testify that plaintiff had not only been in the possession of illegal drugs but had actually sold them.

### III

In a legal malpractice action, the defendant lawyer's conduct in representing the client is measured against the degree of care, skill and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction. *Spalding v. Davis,* 674 S.W.2d 710 (Tenn. 1984). The conduct complained of in this case involves legal strategies and, as such, " . . . these are not matters within the common knowledge of laypersons. Expert testimony is required." *Cleckner v. Dale,* 719 S.W.2d 535 (Tenn. App. 1986).

Defendant has practiced law in this jurisdiction for over forty years, including 17 years as District Attorney General for what is now the Third Judicial District. From 1982 until 1998 he was engaged in the practice of law in Hawkins County, with a particular emphasis in criminal defense. His motion for summary judgment in this case was supported by his own expert affidavit insisting that he

did not deviate from the standard of care, skill and diligence in this jurisdiction. The affidavit of a defendant expert is admissible for consideration in a motion for summary judgment. *Smith v. Graves,* 672 S.W.2d 787 (Tenn. App. 1984). Once he has proffered such expert testimony, he has met his burden of persuading the court that no genuine and material factual issues exist, and that defendant is therefore, entitled to judgment as a matter of law. When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the non-moving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed material facts creating a genuine issue of material fact. *Byrd, supra.*

Plaintiff has offered no such proof by way of expert testimony concerning the applicable standard of care for a criminal defense attorney in this jurisdiction or how this standard of care was breached by the defendant. As such, he has failed to establish the essential elements of his case. Consequently, we affirm the judgment of the trial court granting defendant's motion for summary judgment at the cost of the appellant.

_____

William H. Inman, Senior Judge

CONCUR:

_____

Houston M. Goddard, Presiding Judge

_____

Herschel P. Franks, Judge

5