Mary BOWMAN, etc., Petitioner,

v.

Hal HENARD, M.D., et al., Respondents.

Supreme Court of Tennessee.

Jan. 31, 1977.

Robert J. Shockey, Frank P. Pinchak, Shockey, Boehm & Pinchak, Chattanooga, for petitioner.

John A. Armstrong, Greeneville, for Dr. Henard.

J. Paul Coleman, Herndon, Coleman, Brading & McKee, Johnson City, for Dr. Reviere.

## OPINION

HENRY, Justice.

■ We granted certiorari in this malpractice action in order to clarify the practice and procedure in the use of motions for summary judgment under Rule 56, Tenn.R. Civ.P. in medical malpractice actions. More specifically, we address the issue of the propriety of dismissing a medical malpractice action on the basis of opinion evidence as contained in affidavits of medical doctors.[1] This is a question of first impression in this jurisdiction.

---

1. Petitioner raised the question of whether the appeal was to this Court or to the Court of Appeals. That issue is foreclosed by *Allstate Insurance Company v. Hartford Accident and Indemnity Company*, 483 S.W.2d 719 (Tenn. 1972) wherein we held that where a motion for

The trial judge sustained motions for summary judgment and his action was affirmed by the Court of Appeals.

We affirm.

### I.

Petitioner's suit charged the respondent physicians with (1) negligent, faulty and erroneous diagnosis, (2) negligent failure to interpret x-rays, tests and studies, (3) negligent failure to obtain proper diagnostic tests, and (4) failure to refer deceased husband to a specialist.

Respondent, Henard, moved the court for a summary judgment, supporting his motion by his affidavit and that of two fellow practitioners of medicine and surgery. In his affidavit, Dr. Henard detailed the specifics of his contact with decedent going back to 1947 and continuing through 1974 and concluded by stating that his diagnosis and treatment "were appropriate, medically advisable and in rendering same I exercised that degree of care and skill ordinarily exercised by other physicians in good standing under the same or similar circumstances in the community. . . ."

Dr. Nathan P. Horner, in his affidavit, asserted that he "carefully inspected and reviewed" the appropriate hospital records to include "x-rays and other interpretations by radiologists" and the office medical records maintained by Dr. Henard, from all of which he stated that the diagnosis and treatment "were appropriate, medically advisable and in rendering same the defendant Hal Henard, M.D. exercised that degree of care and skill ordinarily exercised by other physicians in good standing under the same or similar circumstances in the community. . . ."

Dr. Haskel B. McCollum's affidavit is virtually identical.

Respondent, Reviere, a radiologist, supported his motion for a summary judgment by the affidavits of three Board certified radiologists. Each was familiar with the prevailing standard of care in the community as it relates to radiology and had examined the x-rays and each had examined the interpretations made by Dr. Reviere's radiological group and each was of the opinion that these interpretations reflected the findings as shown on the films. Further, each was of the opinion that the interpretations in connection with the x-rays conformed to the standard of practice in the community.

The petitioner countered with the affidavit of one of her attorneys of record which reads in pertinent part as follows:

3. I have examined the hospital and other medical records that are relevant to this lawsuit, and based upon my experience in the specialty area of medical malpractice, it is my opinion that a case of negligence can be made out.

4. I have done substantial medical research and have learned that the diagnosis that the defendants made in this case was so wrong based upon the facts that were then appearing to the defendants that a jury will likely conclude the defendants were guilty of negligence.

It was on the basis of these pleadings and affidavits that the trial court held that there was no genuine issue of fact.

### II.

Justice Harbison, speaking for this Court in *Evco Corporation v. Ross*, 528 S.W.2d 20 (Tenn.1975), properly pointed out that

[t]he summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. 528 S.W.2d at 24–25.

But as Justice Harbison further said in *Evco* "summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues." Rule 56, Tenn.R.Civ.P. provides a

---

summary judgment is supported by "evidentiary matters, such as depositions, *affidavits*, or exhibits", the appeal is to the Court of Appeals. We reiterate that holding. Nothing in *Teeters*

*v. Currey*, 518 S.W.2d 512 (Tenn.1974) modifies this holding, nor is there any legitimate confusion on this issue.

remedy in the nature of a pre-trial inquiry for the purpose of determining whether there is any genuine issue of fact, but, again, it was not designed to force a party to try his case on affidavits with no opportunity to cross-examine witnesses.

■ As a *general rule* summary judgments are not appropriate in negligence cases. See Wright & Miller, Federal Practice and Procedure: Civil Sec. 2729. We particularly consider them inappropriate, as a *general rule*, in malpractice actions against professionals, recognizing, as we must, the natural tendency of their colleagues to be good Samaritans and come to their rescue in a time of distress. We, of course, do not restrict this view to men of medicine.

■ Petitioner very forcefully urges upon us the proposition that these affidavits are expert and opinion evidence and, therefore, may not be used to support a motion for summary judgment. Specifically, she quotes Wright & Miller, Federal Practice and Procedure: Civil Sec. 2738 as follows:

> Because opinion testimony always is subject to evaluation by the fact finder, it *generally* has been held not an appropriate basis for summary judgment. (Emphasis supplied). Wright & Miller, Civ. Sec. 2738 at 690–92.

Our research leads us to the conclusion that this is a correct statement of the *general* rule of law. However, the ensuing sentence, not quoted by petitioner, is of critical significance. It reads:

> However, if the only issue is one of the kind on which expert testimony must be presented, and nothing is presented to challenge the affidavit of the expert, summary judgment may be proper. Wright & Miller, Civ. Sec. 2738 at 692–94.

We approve this as an exception to the general rule.

■ In 16 Am.Jur. Trials, p. 534, these matters are put in proper perspective thusly:

> In negligence cases generally, lawyers usually decide against moving for summary judgment, unless a special defense bars the *action, because the existence of* negligence is a question of fact and lack of merit is difficult to establish by affidavit. In a *malpractice case*, however, the negligence of the defendant physician usually *must be proved by expert testimony.* If the defendant makes a showing, therefore, on a motion for summary judgment that the case has no merit, plaintiff *must produce a competent opinion*, by affidavit, supporting his claim of malpractice, and this is helpful to the defense. (Emphasis supplied)

We approve this as a correct general statement subject to the qualification that counter-proof is not restricted to affidavits.

Petitioner asserts that "since the Tennessee and Federal Rules of Civil Procedure, as they apply to motions for summary judgment, are identical, the federal authorities *must* be followed in Tennessee courts." (Emphasis supplied).

■ It is correct that Rule 56, Tenn.R. Civ.P. and the federal rule bearing the same number are identical; however, counsel is laboring under a complete misapprehension as to the binding effect of decisions of the courts of the federal system upon this Court. The Supreme Courts of the respective states are bound only by decisions of the Supreme Court of the United States when that Court holds that a given course of conduct is unconstitutional under the federal constitution. The opinions of the other courts of the federal system are persuasive, but not controlling.

■ Petitioner indicates that we are bound by the holding of the Fifth Circuit in *Elliott v. Massachusetts Mutual Life Insurance Company*, 388 F.2d 362 (5th Cir. 1968) and cites it for the proposition "if opinion evidence is relevant, then the case is simply not one to be determined on a motion for summary judgment." Without laboring the point, we disagree.

### III.

■ It is the established law in Tennessee that malpractice actions involving issues

of negligence and proximate cause require expert testimony, *St. Martin v. Doty*, 493 S.W.2d 95, 98 (Tenn.App.1972) unless the act of alleged malpractice lies within the common knowledge of a layman. *Rural Educational Association v. Bush*, 42 Tenn. App. 34, 298 S.W.2d 761 (1956). See also *Phelps v. Vanderbilt University*, 520 S.W.2d 353 (Tenn.App.1974).

■ In the instant case petitioner's deceased husband died of "cardio-renal failure", following "an exploratory operation" revealing "a mass in the pelvis, probably a ruptured Mechel's Diverticulum". These are not matters within the common knowledge of a layman. Expert testimony was required.

■ Thus the case falls within the exception to the general rule and the expert opinions of medical doctors, as contained in the affidavits, were sufficient to justify the trial judge in sustaining the motion for a summary judgment, in the absence of a showing to the contrary by petitioner.

Rule 56.05, Tenn.R.Civ.P., provides in part:

> When a motion for a summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* (Emphasis supplied.)

In this case the *only* response made by petitioner was the affidavit of one of her attorneys, not shown to have any expertise in the field of medicine, based upon an asserted, but not demonstrated, experience in the specialty area of medical malpractice, to the effect that in his opinion "a case of negligence can be made out"; that his "substantial medical research" convinced him the diagnosis was incorrect; and that "a jury will likely conclude the defendants were guilty of negligence."

■ The affidavit of an attorney stands precisely on the same plane with all other affidavits. Accordingly, it must rest upon his personal knowledge in an area in which he is competent to testify. The affidavit of the attorney in this case was totally ineffectual as a response.

■ In summary we hold that, in those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise. In those cases wherein the acts are complained of are within the ken of the common layman, the affidavit of medical experts may be considered along with all other proof, but are not conclusive.

Affirmed.