# IN THE COURT OF APPEALS OF TENNESSEE
# AT MEMPHIS
October 10, 2000 Session

## ARTHUR W. ANDERSON, SR. and MARY JEANETTE C. ANDERSON
### v.
## JOHN P. HOWSER  M.D., P.A. and DR.  JOHN P. HOWSER , Individually

### An Appeal from the Circuit Court for Shelby County
### No. 48196 T.D.     James F. Russell, Judge

---

### No. W2000-00937-COA-R3-CV - Filed August 30, 2001

---

This is a medical malpractice case.  The defendants filed a motion for summary judgment, supported by an affidavit from the defendant physician.  The plaintiffs filed the opposing affidavit of an expert physician.  When the defendants attempted to depose the plaintiffs' expert, they were informed that he would not be testifying at trial.  However, the plaintiffs' expert's affidavit was never withdrawn from the record, nor was his testimony recanted.  The trial court gave the plaintiffs additional time to secure an expert for trial.  The plaintiffs failed to secure an expert within the time period and filed a notice of voluntary non-suit.  The trial court granted the defendants' motion for summary judgment, holding that the plaintiffs' response to the motion for summary judgment must be supported by the affidavit of an expert who is expected to testify at trial.  The plaintiffs appealed. We affirm.  Where the plaintiff submits the affidavit of an expert in response to a motion for summary judgment, and it is undisputed that the expert will not testify for trial, the plaintiff has not demonstrated that he has a justiciable claim warranting a trial, and the granting of summary judgment is appropriate.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Warner Hodges, III, Germantown, Tennessee, for the appellants, Arthur W. Anderson, Sr. and Mary Jeanette C. Anderson.

William W.  Dunlap, Jr., Memphis, Tennessee, for the appellees, John P. Howser, M.D., P.A. and Dr. John P. Howser, Individually.

**OPINION**

This is a medical malpractice case. In August 1992, Arthur Anderson and his wife Mary Jeanette Anderson ("the Andersons") filed a lawsuit against Dr. John P. Howser and John P. Howser, M.D., P.A. ( collectively "Dr. Howser") alleging medical malpractice in his care of Mr. Anderson. In October 1992, Dr. Howser filed an answer. Subsequently, in September 1994, Dr. Howser filed a motion for summary judgment, supported by his affidavit. In October 1994, the Andersons filed an opposing affidavit from their expert physician, Dr. Greg Swafford ("Dr. Swafford"). Dr. Swafford is a Memphis physician who had practiced in Tennessee for more than a year before the alleged malpractice. In his affidavit, Dr. Swafford averred that he was familiar with the standard of care in the treatment of patients with ailments similar to Mr. Anderson, and that Dr. Howser's care of Mr Anderson fell below the applicable standard of care.

In January 1996, Dr. Howser filed a supplemental motion for summary judgment. In the fall of 1998, counsel for Dr. Howser sought to depose Dr. Swafford, and was told that Dr. Swafford would not be testifying at trial due to a "falling out" between the Andersons and Dr. Swafford over a joint business venture. Dr. Swafford's affidavit was not withdrawn.

On October 30, 1998, the trial court held a hearing on the defendants' supplemental motion for summary judgment. At the conclusion of the hearing, the trial court granted the Andersons' request for an additional ninety days to secure another expert for trial. The trial court told the Andersons that if they were unable to secure an expert for trial within the allotted time period, the case would be dismissed with prejudice. Despite efforts to do so, the Andersons were not able to secure an expert for trial within the allotted time. On February 11, 1999, the Andersons filed a notice of voluntary non-suit. On June 10, 1999, Dr. Howser filed a motion seeking an order confirming that the case was dismissed with prejudice, based on the Andersons' failure to secure an expert within the ninety-day period granted by the court. After a hearing, the trial court entered an order granting Dr. Howser's supplemental motion for summary judgment, based on the Andersons' failure to secure a trial expert.[1] The Andersons filed a motion under Rule 59 of the Tennessee Rules of Civil Procedure, seeking to alter or amend the judgment. This motion was denied. The Andersons now appeal.

On appeal, the Andersons argue that the trial court erred in granting summary judgment to the defendants because Dr. Swafford's affidavit created a genuine issue of material fact as to whether Dr. Howser deviated from the applicable standard of care in his treatment of Mr. Anderson. The Andersons assert that, because Dr. Swafford's affidavit was never withdrawn, it was competent expert testimony that effectively rebutted Dr. Howser's affidavit in support of the defendants' motion for summary judgment. The Andersons also argue that the trial court gave them insufficient time to get another expert. They contend that, had the trial court given them sufficient time, Dr. Swafford

---

[1]The Andersons assert in their brief to this Court that the trial court stated orally that the dismissal would not be with prejudice. However, the record on appeal has no transcript of this hearing and the trial court's order granting Dr. Howser's motion for summary judgment does not indicate a dismissal without prejudice.

might have changed his mind and agreed to testify, or they might have been able to obtain another expert for trial.

The Andersons also argue that summary judgment was improper because they had filed a notice of voluntary non-suit. They acknowledge that they had no <u>right</u> to a voluntary dismissal in light of the pending motion for summary judgement, but argue that the trial court nevertheless retained the discretion to award such a voluntary dismissal. Since the decision to grant the voluntary dismissal was within the trial court's discretion, they argue that, absent some showing of legal prejudice, the trial court abused its discretion by refusing to award a voluntary dismissal without prejudice.

Dr. Howser argues that summary judgment was appropriate because the Andersons had no expert willing to testify at trial to establish the elements of malpractice, as required under Tennessee Code Annotated § 29–26-115(a). Dr. Howser maintains that Anderson could not take a voluntary non-suit because of the pending motion for summary judgment.

A party faced with a motion for summary judgment should neither ignore it nor treat it lightly. **Byrd v. Hall**, 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgment is an important vehicle designed to enable courts a process by which to determine whether a justiciable claim exists justifying the time and expense of a trial, or whether the claim can and should be resolved on legal issues alone. **Id.** (citations omitted). Thus, a motion for summary judgment goes to the merits of the litigation and should be granted only when the movant demonstrates that there are no genuine issues of material fact and, therefore, the movant is entitled to a judgment as a matter of law. **Id.**; Tenn. R. Civ. P. 56.04. In order to defeat a motion for summary judgment, the non-movant must establish "by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." **Byrd**, 847 S.W.2d at 211 (citations omitted). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. **Warren v. Estate of Kirk**, 954 S.W.2d 722, 723 (Tenn. 1997).

In a medical malpractice action, expert testimony is required by statute to prove the standard of care and deviation from the standard of care. **See** Tenn. Code Ann. § 29-25-115; **Moon v. St. Thomas Hosp.**, 983 S.W.2d 225, 229 (Tenn. 1998). Therefore, to defeat summary judgment in such an action, the non-moving party must produce competent expert opinion, by affidavit, supporting his claim of malpractice. **Bowman v. Henard**, 547 S.W.2d 527, 530 (Tenn. 1997). Summary judgment is inappropriate if there is conflicting competent expert testimony on the standard of care and whether the defendant deviated from the standard of care. **Moon**, 983 S.W.2d at 229-230.

In this case, the grant of summary judgment to Dr. Howser was based on the fact that the Andersons had not secured an expert to testify at trial, as required under the medical malpractice statute. Under the reasoning advocated by the Andersons, they should have been permitted to wait until trial to see if they could either secure an expert who was willing to testify or persuade Dr.

Swafford to agree to testify at the trial. This approach leaves the trial judge with no effective means to enforce a pre-trial schedule and set deadlines for the parties to secure expert testimony, in order to facilitate discovery and pre-trial preparation. The means available to the trial judge must include the ability to dismiss the plaintiff's case if he fails to secure an expert for trial by the deadline imposed. This was the action taken by the trial judge in the instant case. The Andersons were given a reasonable amount of time to secure an expert for trial, and they failed to do so.

Rule 56 of the Tennessee Rules of Civil Procedure does not expressly state that the non-movant against whom a summary judgment motion is pending is required to have an expert who is expected to testify at trial when submitting an affidavit to defeat the summary judgment motion. However, the purpose of summary judgment is to determine whether there is a justiciable claim warranting the expense of trial. *See Byrd*, 847 S.W.2d at 210. Moreover, the trial judge must have the means to enforce and set deadlines, in order to facilitate discovery and pre-trial preparation. When the Andersons failed to produce an expert who could be expected to testify at trial, they were unable to demonstrate that, at the trial in this cause, there would be a genuine issue as to whether the defendant deviated from the standard of care, i.e., whether there was justiciable claim warranting a trial. This is the purpose of a summary judgment motion. In this case, it is undisputed that Dr. Swafford would not testify at trial.[2] The Andersons were given adequate time to secure an expert for trial. Under these circumstances, we find no error in the trial court's grant of summary judgment to the defendants.

The Andersons also argue that the trial judge abused his discretion in refusing to permit the Andersons to take a voluntary nonsuit while the summary judgment motion was pending. We find no abuse of discretion in the trial court's decision. This issue is without merit.

The decision of the trial court is affirmed and the cause is remanded for further proceedings consistent with this Opinion. Costs are taxed to the appellants, Arthur W. Anderson, Sr. and Mary Jeanette C. Anderson, and their surety, for execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE

---

[2]We do not address the situation in which it is uncertain whether the expert testifying by affidavit in response to a summary judgment motion will testify at trial.