IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2001

## DANNY RAY THOMAS v. DR. MOLLY P. O'TOOLE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 00C-2531     Hamilton V. Gayden, Jr., Judge**

—————————

**No. M2001-00305-COA-R3-CV - Filed August 22, 2001**

—————————

Appellant, Danny Ray Thomas, a prison inmate, brought suit against two medical doctors, Molly P. O'Toole and Donald J. Boatright, on September 1, 2000 alleging various acts of malpractice. On November 9, 2000, Plaintiff sought a default judgment. On November 15, 2000, counsel for Defendants made his appearance and, on November 22, 2000, answered the complaint. Both Defendants filed motions for summary judgment, which motions were granted by the trial court. Plaintiff appealed, and after consideration, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Danny Ray Thomas, Clifton, Tennessee, Pro Se.

George A. Dean, Nashville, Tennessee, for the appellees, Dr. Molly P. O'Toole and Dr. Donald J. Boatright.

**OPINION**

On September 1, 2000, Plaintiff/Appellant, Danny Ray Thomas, acting Pro Se, filed suit against Dr. Molly P. O'Toole and Dr. Donald Boatright seeking $750,000 in compensatory damages and $250,000 in punitive damages. Plaintiff alleged, in substance, that Dr. O'Toole refused to give him any medication for stress and that Dr. Boatright had not given him appropriate treatment for kidney stones.

On November 13, 2000, Plaintiff filed a default judgment certificate pursuant to the local rules in Davidson County but did not file a motion for default judgment.[1] On November 15, 2000,

—————————

[1] No default judgment was entered in the case prior to the November 22, 2000 answer filed on behalf of both
(continued...)

counsel for Defendants made his appearance and, on November 22, 2000 filed an answer on behalf of both Dr. O'Toole and Dr. Boatright.

On November 28, 2000, Defendants filed their motion for summary judgment based upon the affidavit of Dr. Boatright, which stated that neither of the Defendants had violated the recognized standards of acceptable professional practice in the Nashville, Tennessee community and similar communities in their treatment of Mr. Thomas. His affidavit asserted his familiarity with such recognized standards of acceptable professional practice in both psychiatry and internal medicine in the Nashville, Tennessee community, where all of the treatment by both doctors was done.

The affidavit of Dr. Boatright details the treatment administered both by himself and Dr. O'Toole from the time Plaintiff arrived at the SPR-Middle Tennessee Correctional Complex in Nashville on April 1, 1999 until the filing of suit in this case. He was treated for complaints of extreme pain and allegations of kidney stones. The treatment was periodic through the end of January of 2000. The affidavit states in part:

> 15. I am familiar with the recognized standards of acceptable professional practice in my specialty, internal medicine, in the Nashville, Tennessee community and similar communities as it existed during the time I was involved in the care of Mr. Thomas. In everything that I did in the care and treatment of Mr. Thomas, I complied with the recognized standard of acceptable professional practice in my specialty in the Nashville, Tennessee community and similar communities. In addition, nothing that I did or didn't do caused any injury to Mr. Thomas.

The affidavit of Dr. Boatright further establishes that he had reviewed the medical records of Mr. Thomas relating to the treatment undertaken by Dr. O'Toole relative to psychiatric problems including prescriptive medication abuse and anxiety. He further asserted:

> 25. I am familiar with the recognized standards of acceptable professional practice in the specialty of psychiatry, in the Nashville, Tennessee community and similar communities as it existed during the time Dr. O'Toole was involved in the care of Mr. Thomas. She complied with the recognized standard of acceptable professional practice in that specialty in the Nashville, Tennessee community and similar communities in the care and treatment of the patient. In addition, nothing she did or did not do caused any injury to Mr. Thomas.

---

[1](...continued)
Defendants. For this reason, the trial court denied default judgment to Plaintiff. Default judgment is not mandatory under Rule 55.01 of the Tennessee Rules of Civil Procedure, and Rule 55.02 the answer of Defendants, filed nine days after the default judgment certificate was filed, shows a meritorious defense. Both the answer of Defendants and their motion for summary judgment were filed before any hearing on the issue of default judgment. The trial court did not err in overruling the application for default judgment. *Creed v. Valentine*, 967 S.W.2d 325 (Tenn. Ct. App. 1997).

In Tennessee, in order to prevail in a malpractice action, a plaintiff must sustain his burden under Tennessee Code Annotated section 29-26-115. This statute provides in pertinent part:

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the claimant[2] practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
>
> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection when it determines that the appropriate witnesses otherwise would not be available.

Tenn. Code Ann. § 29-26-115 (2000).

Generally, this burden can only be established by expert testimony. Only in cases where the alleged act of malpractice lies within the common knowledge of a layman is expert testimony unnecessary. *Baldwin v. Knight*, 569 S.W.2d 450 (Tenn. 1978). Proper treatment of alleged pain resulting from kidney stones and appropriate drug therapy for stress and anxiety are obviously not matters within the knowledge of a layman and expert testimony is necessary.

While it is true that summary judgment is generally inappropriate in professional malpractice cases, if the only issue is one which requires expert testimony and there is no expert response to an affidavit by an expert, then summary judgment is proper. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn. 1977); *Ayers v. Rutherford Hospital, Inc.*, 689 S.W.2d 155 (Tenn. Ct. App. 1984).

---

[2] This is a miscodification. Section 14 of Chapter 299 of the Public Acts of 1975 actually provides: "(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;" (emphasis added).

Appellant complains that the trial court should not have relied on the "untrustworthy opinion affidavit" of Dr. Boatright because he was one of the defendants. We are dealing with Tennessee Code Annotated section 29-26-115, which requires, under the facts in this case, that Plaintiff establish by expert testimony the necessary standard of care and the deviation by Defendant therefrom. It is common practice to accept the affidavit of Defendant stating his position in support of a motion for summary judgment, thereby shifting to the plaintiff the duty of coming forth with countervailing expert testimony. *Smith v. Graves*, 672 S.W.2d 787, 789-90 (Tenn. Ct. App. 1984).

Dr. Boatright was a specialist in internal medicine. He was not a specialist in psychiatry, but his affidavit exonerates the psychiatrist, Dr. O'Toole, from any violation of applicable standards of professional practice. The Supreme Court of Tennessee has held:

> The statute contains no requirement that the witness practice the same specialty as the defendant. The issue at trial was whether the defendant's performance in attempting to prevent the surgical wound infection and in treating it after it developed was negligent. Dr. Stratton stated that he was familiar with the applicable standards of surgeons in the prevention and treatment of surgical wound infections, and his testimony supports that statement. His expert testimony was, therefore, relevant to the issues in the case. For that reason, he was competent to testify as to those standards, even though he was not himself a surgeon.

*Searle v. Bryant*, 713 S.W.2d 62, 65 (Tenn. 1986).

In this case, the affidavit of Dr. Boatright requires an affidavit from an expert for the plaintiff in order to avoid summary judgment. *Bowman*, 547 S.W.2d 527.

In efforts to comply with the mandates of Tennessee Code Annotated section 29-26-115, Plaintiff presented the affidavits of Dr. Gulla Krishna and Dr. Allen Craig, physicians practicing in Coffee County, Tennessee who had previously treated the appellant. However, neither affidavit is sufficient under the statute. Neither Dr. Krishna nor Dr. Craig assert any familiarity with the recognized standard of acceptable professional practice in Nashville, Tennessee. Neither affidavit asserts that either Dr. Boatright or Dr. O'Toole "acted with less than or failed to act with ordinary and reasonable care in accordance with such standard." Tenn. Code Ann. § 29-26-115(a)(2).

The record before the court reflects that Plaintiff cannot prove essential elements of his case, to wit:

1. The recognized standard of acceptable professional practice in Nashville, Tennessee, or a similar community; and

2. That the defendants acted or failed to act in accordance with such standards.

This failure is fatal to the case of the appellant on a summary judgment motion. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

The inadequacy of the appellant's proof in the face of a summary judgment motion is demonstrated in the analogous case of *Mabon v. Jackson-Madison County Gen. Hosp.*, 968 S.W.2d 826 (Tenn. Ct. App. 1997). In that case, the plaintiff presented an expert who had no familiarity with the standard of care for Jackson, Tennessee or similar communities, but simply testified that a national standard applied and would be the same in any community. In rejecting the position of the plaintiff, this Court observed:

> Mabon contends that he has met that threshold and that this case is distinguishable from *Ayers* and *Osler* because there was evidence in those cases that the standards of care were different and that there is no proof in this case that the standard of care in Jackson, Tennessee is different from that propounded by Dr. Shane. He argues that once Dr. Shane set forth his opinion that the national standard of care is the same as the standard of care in Jackson, the burden then shifted to Dr. Thomas to set forth a different standard of care for Jackson.

> We respectfully disagree with this contention. It is the plaintiff who is charged with the burden of proof as to the standard of care in the community in which the defendant practices or in a similar community. T.C.A. § 29-26-115(a)(1). A plaintiff who chooses to prove the standard of care in a similar community necessarily must prove that community is similar to the one in which the defendant practices. To shift this burden to the defendant directly contradicts the plain language of the statute and would render the statute a nullity. Under the principles of summary judgment, once Dr. Thomas moved for summary judgment and submitted an affidavit stating that he complied with the standard of care in Jackson, the burden then shifted to Mabon to set forth specific facts that Dr. Thomas failed to meet the standard of care in Jackson or a similar community.

> In this case, Dr. Shane's deposition testimony leads us to conclude that he is not familiar with the standard of care in Jackson, Tennessee. Moreover, we cannot accept Dr. Shane's bare assertion that the standard of care in Jackson is the same nationwide and that the level of care with which Dr. Shane is familiar *should* have been available in Jackson. This does not comply with the nonmoving party's burden on a motion for summary judgment to set forth specific facts. From our review of the record, Dr. Shane simply failed to establish that he had knowledge of the requisite standard of care in Jackson, Tennessee or in a similar community.

> Without evidence as to the standard of care in Jackson or in a similar community, Mabon cannot demonstrate any breach of duty to Mrs. Mabon. *See Cardwell*, 724 S.W.2d at 754. Mabon therefore failed to carry the burdens placed on him by T.C.A. § 29-26-115. As such, there was no genuine issue of material fact,

and Dr. Thomas was entitled to judgment as a matter of law. The trial court correctly granted summary judgment to Dr. Thomas.

*Mabon*, 968 S.W.2d 826, 831.

The trial court was correct in granting summary judgment to Defendants, and the judgment of the trial court is affirmed.

Costs of this cause are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE