IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 13, 2002 Session

## MARISA R. LOVIN v. CHARLES E. NAVE, D.D.S., P.C.

**Appeal from the Circuit Court for Sevier County**
**No. 2000-140-I     Ben W. Hooper, II, Judge**

**FILED JANUARY 22, 2003**

**No. E2002-00686-COA-R3-CV**

---

Marisa R. Lovin ("Plaintiff") was involved in a one car accident on her way home from Dr. Charles E. Nave's ("Defendant") dental office. Although Plaintiff has no memory of the accident itself, she claims she suffered an adverse reaction to an anesthetic agent administered by Defendant, which caused the car accident. Plaintiff sued Defendant for dental malpractice claiming Defendant failed to warn her about potential side effects of the anesthesia and did not properly manage her treatment after administering the anesthetic agent. The Trial Court granted Defendant summary judgment. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Darren F. Mitchell, Knoxville, Tennessee, for the Appellant, Marisa R. Lovin.

F. Michael Fitzpatrick, Knoxville, Tennessee, for the Appellee, Charles E. Nave, D.D.S., P.C.

**OPINION**

### Background

In February of 1999, Plaintiff went to Defendant's office to have a cavity filled. Plaintiff testified in her deposition that she arrived at Defendant's office at approximately 11:30 a.m. and was taken "straight back" for her treatment. Before beginning the treatment, Defendant injected an anesthetic agent, Carbocaine, into Plaintiff's gums.

Plaintiff testified it felt like Defendant was administering more anesthetic than necessary. She testified her whole head was numb, not just her jaw. Plaintiff also testified Defendant injected her with "one or two shots or more." She stated "there was a lot [of injections] put into [her] jaw." However, Plaintiff could not state whether Defendant injected her twice, or more than twice.

Defendant did not specifically recall Plaintiff's treatment, but testified at his deposition if anything had been unusual or out of the ordinary during the treatment, it would have been noted in the chart. There was no such notation in the chart. Defendant testified his usual procedure is to use a single use vial of Carbocaine and administer the drug very slowly through two injection sites. Defendant stated administering the anesthetic slowly lessens the chance of the patient having a reaction such as increased heart rate. Defendant testified a reaction of an increased heart rate typically lasts only two to three minutes.

Defendant testified he has procedures in place in his office in case a patient has an adverse reaction to an anesthetic. Defendant explained that what he would do if a patient had an adverse reaction to an anesthetic would be to place the patient's head below their body, administer oxygen, and call 911. Defendant testified that other than some patients having an increased heart rate for a few minutes, he has never had a patient suffer an adverse reaction to an anesthetic.

Plaintiff's treatment took approximately one-half hour. Plaintiff testified she told Defendant after the treatment she "didn't feel right, [she] didn't feel normal with [her] head." She asked Defendant if she could eat and was instructed to wait a couple of hours. Plaintiff cannot remember specifically what Defendant said to her when she complained she didn't feel right, but testified Defendant said something which conveyed to Plaintiff that what she was feeling was normal and would fade.

Plaintiff walked to her car parked behind the office building when she left Defendant's office. Plaintiff testified she had no problem walking to her car. She used her remote control to unlock the car door. Plaintiff testified she did not feel dizzy, but her head felt heavy and numb "like [she] had rocks in it." Plaintiff also testified neither her eyesight, nor her hand-eye coordination were affected in any way. Before beginning to drive, Plaintiff looked at her tooth in the rear-view mirror.

Plaintiff testified she had no difficulty driving, but when she pulled out of the parking lot she headed in the wrong direction. Plaintiff quickly realized her mistake and turned the car around. Plaintiff testified she cannot remember much after turning the car around. She stated "after that point that's when my mind gets so blank on everything." Plaintiff drove for several miles on a four-lane road with stop lights. She then turned onto a two-lane back road which she described as having "[s]ome parts [that] are curvy." However, Plaintiff does not remember driving on either the four-lane road or the two-lane back road. The only other detail Plaintiff remembers about the drive is passing her friend's mother's house shortly before the crash occurred.

At approximately 12:55 p.m., almost one hour after she left Defendant's office, Plaintiff was involved in a one car accident. There were no witnesses to the accident. The police report indicates Plaintiff was unconscious and was transported to the hospital via helicopter. Plaintiff suffered a variety of injuries as a result of the accident. She has no memory of the accident itself and virtually no memory of approximately the first week after the accident. Plaintiff did not develop or regain her memory of being at Defendant's office until months after she was released from the hospital. Plaintiff's car never was examined to determine if a mechanical failure may have caused the accident.

Plaintiff sued Defendant claiming Defendant failed to warn her of possible side effects of the anesthetic and failed to appropriately manage Plaintiff's care after administration of the anesthetic. Defendant filed a motion for summary judgment supported by Defendant's expert affidavit stating he did not deviate from the recognized standard of care. Defendant filed a brief in support of his motion for summary judgment arguing he was entitled to summary judgment as a matter of law because Plaintiff failed to show causation.

Plaintiff's response to Defendant's motion for summary judgment relied upon Defendant's deposition testimony to argue a material factual dispute existed. Specifically, Plaintiff argued Defendant testified regarding what procedures he would follow if a patient were having an adverse reaction to an anesthetic and that those procedures were not followed in this instance. Thus, Plaintiff argues Defendant fell below the standard of care. Plaintiff's response was not supported by an expert witness affidavit.

After hearing argument on Defendant's motion for summary judgment, the Trial Court entered an order allowing Plaintiff an additional thirty days from the date of the hearing to provide a further response to Defendant's motion for summary judgment. Plaintiff provided no further response, but instead filed her own motion for summary judgment.

Defendant responded to Plaintiff's motion for summary judgment by filing a second expert affidavit from Defendant wherein Defendant stated to a reasonable degree of dental certainty Plaintiff did not suffer an adverse reaction to the anesthetic administered by Defendant. Defendant's second affidavit also stated Plaintiff exhibited no indicators of any adverse reaction to the anesthetic.

The Trial Court heard the motions for summary judgment and granted Defendant's motion. Plaintiff then appealed to this Court.

### Discussion

Plaintiff raises one issue on appeal: whether the Trial Court erred in granting summary judgment to Defendant.

As our Supreme Court has instructed:

-3-

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423. 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88-89 (Tenn. 2000) (footnote omitted).

A plaintiff carries the burden of proving several elements in a dental malpractice claim. A plaintiff must prove "[t]he recognized standard of acceptable professional practice in the

profession and the speciality thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred." Tenn. Code Ann. § 29-26-115 (a)(1) (2002). In addition, a plaintiff must prove the defendant "acted with less than or failed to act with ordinary and reasonable care in accordance with such standard" and as a result of the negligent act or omission plaintiff "suffered injuries which would not otherwise have occurred." *Id.* at (a)(2) & (3). Plaintiff's burden must be met with competent evidence. *Smith v. Haley*, No. E2000-001203-COA-R3-CV, 2001 Tenn. App. LEXIS 136, at *10 (Tenn. Ct. App. March 2, 2001), *no appl. perm. appeal filed.* "[I]njury alone does not raise a presumption of the defendant's negligence." Tenn. Code Ann. § 29-26-115 (d) (2002).

Our Supreme Court has held "where expert testimony is required in medical malpractice cases[1], a defendant who refutes the plaintiff's allegations with expert testimony is entitled to summary judgment when the plaintiff produces no rebuttal proof by expert testimony." *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 98 (Tenn. 1999) (order denying petition to rehear) (footnote added); *e.g.*, *Bowman v. Henard*, 547 S.W.2d 527, 531 (Tenn. 1977).

Defendant's motion for summary judgment affirmatively negated two essential elements of Plaintiff's claim, i.e., breach of standard of care and causation. We will discuss each element in turn.

Plaintiff argues there are material factual issues regarding whether Defendant deviated from the acceptable standard of care. However, Plaintiff produced no expert testimony regarding whether Defendant fell below the standard of care.

Plaintiff asserts Defendant's own testimony indicates he fell below the standard of care. This is a mis-characterization of Defendant's testimony. When asked what he would do if he believed a patient was having an adverse reaction to the anesthetic, Defendant explained the procedures he would follow. Plaintiff claims the fact Defendant did not follow these procedures in his care and treatment of Plaintiff is an indication Defendant fell below the standard of care. Plaintiff's position assumes she had an adverse reaction to the anesthetic. However, Defendant specifically stated in his second affidavit that it is his expert opinion Plaintiff did not suffer any adverse reaction to the anesthetic. Defendant also stated the basis for his opinion. If Plaintiff did not suffer an adverse reaction, there was no need, under Defendant's deposition testimony, for

---

[1] "[Tenn. Code Ann. § 29-26-115] requires expert proof of all the elements of the tort." *Kennedy v. Holder*, 1 S.W.3d 670, 672 (Tenn. Ct. App. 1999), *overruled on other grounds by Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86 (Tenn. 1999). However, an exception has been recognized when "the alleged acts of negligence are so obvious that they come within the common knowledge of laymen." *Id.* "Medical malpractice cases fitting into the 'common knowledge' exception typically involve unusual injuries such as a sponge or needle being left in the patient's abdomen following surgery or where the patient's eye is cut during the performance of an appendectomy." *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 92 (Tenn. 1999). The critical question in common knowledge cases is whether the instrumentality causing the injury was under the defendant's exclusive control at the time the injury occurred. *Id.*; Tenn. Code Ann. § 29-26-115(c) (2002). The case at issue does not fall within the common knowledge exception, and, therefore, expert proof is required.

Defendant to follow the procedure outlined in his deposition. Defendant's second affidavit details his expert opinion that Plaintiff did not suffer any adverse reaction to the anesthetic. Plaintiff offered no expert opinion, by affidavit or otherwise, contrary to Defendant's. In addition, Defendant's first affidavit specifically denies he fell below the standard of care. Plaintiff produced no expert evidence regarding the standard of care, or whether Defendant's care and treatment fell below that standard. Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, as we must, we hold Defendant successfully negated an essential element of Plaintiff's claim. Defendant established by expert opinion that Plaintiff never suffered any adverse reaction to the anesthetic. Consequently, there could be no deviation by Defendant from the acceptable standard of professional practice in managing that alleged adverse reaction that never happened.

Defendant also affirmatively negated the causation element of Plaintiff's claim. As discussed above, Defendant stated his expert opinion in his affidavit that Plaintiff did not suffer any adverse reaction to the anesthetic. Plaintiff offered no countervailing expert opinion by affidavit or otherwise. From the record before the Trial Court, and this Court, it is the undisputed expert opinion that Plaintiff suffered no adverse reaction to the anesthetic. Without any such adverse reaction to the anesthetic, Defendant's alleged negligent act or omission could not have been the proximate cause of Plaintiff's injuries. Therefore, Defendant successfully negated that essential element of Plaintiff's claim as well. Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, as we must, we find Defendant successfully negated the causation element of Plaintiff's claim.

Defendant refuted Plaintiff's allegations with expert testimony and negated two essential elements of Plaintiff's claim. Therefore, Plaintiff could not simply rest upon the pleadings but was required to offer rebuttal proof. The Trial Court even allowed Plaintiff additional time in which to offer such proof. Plaintiff offered no such proof. Since Plaintiff produced no rebuttal proof by expert testimony creating any genuine issue as to the material facts, Defendant was entitled to summary judgment. We affirm the Trial Court's granting summary judgment to Defendant.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Marisa R. Lovin, and her surety.

_____
D. MICHAEL SWINEY, JUDGE