# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 24, 2010 Session

## EDNA N. ZULUETA v. WINIFRED LASSITER, M.D., OF THE LASSITER CLINIC

**Appeal from the Circuit Court for Davidson County**
**No. 07C-3677      Amanda J. McClendon, Judge**

---

**No. M2010-00944-COA-R3-CV - Filed September 30, 2010**

---

Plaintiff appeals the summary dismissal of her medical malpractice complaint against Winifred Lassiter, M.D. Plaintiff alleges that Dr. Lassiter breached her duty of care by negligently performing a physical Fitness for Duty Examination. The trial court summarily dismissed the complaint finding that Plaintiff failed to establish the elements of her claim or show a genuine issue of material fact. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Edna N. Zulueta, Nashville, Tennessee, Pro Se.

E. Reynolds Davies and Ed R. Davies, Nashville, Tennessee, for the appellee, Winifred Lassiter, M.D., of the Lassiter Clinic.

## OPINION

This action arises from the termination of Edna N. Zulueta's employment with the United States Postal Service ("USPS"). Her employment with USPS was terminated in January of 2007 after Dr. Greg Kyser, a licensed psychiatrist, concluded that Ms. Zulueta ("Plaintiff") was suffering from psychotic disorder of chronic duration that rendered her unfit for duty as an employee of USPS. The relevant factual and procedural history is as follows.

Plaintiff was hired as a Part Time Flexible Mail Processing Clerk for USPS on June 25, 2005 at the Nashville Processing and Distribution Center. After approximately one and a half years of employment, Plaintiff's supervisor, Ryan K. Jenkins, observed Plaintiff

display abnormal behavior and learned that she made allegations that her co-workers were spying on her, planting bombs in her home, spreading rumors that she was wanted by the F.B.I., and making death threats against her. After investigating these claims, Mr. Jenkins recommended Plaintiff undergo a Fitness for Duty Examination ("FFDE").

Based upon Mr. Jenkins' recommendation, USPS engaged Dr. Winifred Lassiter of the Lassiter Clinic to perform the examination. Dr. Lassiter performed a physical FFDE on Ms. Zulueta on December 15, 2007. Following the examination, Dr. Lassiter concluded that Plaintiff did not suffer from any physical conditions that prevented her from working; however, Dr. Lassiter also concluded that Plaintiff exhibited signs of possible mental health issues, recommended a psychiatric FFDE and that Plaintiff be placed on administrative leave until the psychiatric examination could be completed.

As a result of Dr. Lassiter's recommendation, USPS immediately placed Plaintiff on "non-duty status" pending the psychiatric evaluation and USPS engaged the services of Dr. Greg Kyser, a licensed psychiatrist, to conduct a psychiatric examination. Dr. Kyser, who completed the examination on December 20, 2006, concluded that Plaintiff was suffering from a "psychotic disorder of chronic duration," specifically, "the paranoid delusion that others in the workplace were conspiring to harm her." Dr. Kyser also concluded that Plaintiff was not fit for employment and recommended psychiatric treatment, possibly in an in-patient setting. On December 29, 2006, USPS terminated Plaintiff's employment, citing "Medical Inability to Perform the Requirements of [her] Position."

Plaintiff filed this action against Dr. Lassiter and Dr. Kyser on December 14, 2007,[1] alleging they negligently performed the respective FFDEs and, as a consequence of their professional negligence, she was fired by the USPS. Dr. Lassiter and Dr. Kyser filed separate answers denying they were negligent in any fashion and denying liability.[2]

All three parties subsequently filed motions for summary judgment. Dr. Kyser was the first to file a motion for summary judgment. Plaintiff responded to Dr. Kyser's motion by

---

[1]Because Plaintiff's suit was filed prior to the 2008 Amendments to the Tennessee Medical Malpractice Statute, she was not required to provide the defendants with 60 days' notice before filing suit as required by the current Medical Malpractice statute, Tenn. Code Ann. § 29-26-121. Additionally, she was not required to obtain a Certificate of Good Faith from a medical expert within 90 days of filing, now required by Tenn. Code Ann. § 29-26-122.

[2]In her brief, Plaintiff attempts to raise the issue that Dr. Lassiter's answer was not timely; however, there is no proof in the record indicating when Dr. Lassiter was served. Additionally, Plaintiff failed to raise this issue in the trial court; thus, it is waived. *Barnhill v. Barnhill*, 826 S.W.2d 443, 458 (Tenn. Ct. App. 1991).

filing her own motion for summary judgment against Dr. Kyser. Plaintiff, however, failed to file a proper response to Dr. Kyser's motion as required by Tenn. R. Civ. P. 56, and she failed to appear at the hearing on Dr. Kyser's motion for summary judgment. Following a hearing on Dr. Kyser's motion, the trial court granted Dr. Kyser's motion upon finding that Dr. Kyser's affidavit negated the essential element of negligence in the plaintiff's claim. The order dismissing Plaintiff's claim against Dr. Kyser was made a final judgment pursuant to Tenn. R. Civ. P. 54.02. Plaintiff did not appeal that decision; as a result, Dr. Kyser is not a party to this appeal.

In the interim, Dr. Lassiter filed an answer to the complaint and, thereafter, a motion for summary judgment. The motion was supported by Dr. Lassiter's own expert affidavit in which she testified that she is familiar with the recognized standards of acceptable professional practice of medicine and the performance of FFDEs in Davidson County, Tennessee. She also stated that the FFDE was performed in compliance with the accepted standard, and that she caused no harm to Plaintiff that would not otherwise have occurred. Plaintiff never filed a proper response to the motion for summary judgment. Instead, Plaintiff filed two motions titled, "Motion for Summary Judgment;" however, neither motion was in compliance with Tenn. R. Civ. P. 56.03. Plaintiff did not provide a statement of material facts with citations to the record. Plaintiff also did not provide expert proof of the applicable standard of care, breach of that standard by Dr. Lassiter, or proximate cause as required by Tenn. Code Ann. § 29-26-115(a). Following a hearing on Dr. Lassiter's motion for summary judgment (which Plaintiff did not attend), the trial court granted Dr. Lassiter's motion for summary judgment.

Plaintiff then filed another motion reiterating many of her prior allegations, which the trial court treated as a Motion to Alter or Amend. The motion was denied because Plaintiff failed to present any additional evidence supporting her claim or showing a genuine issue of material fact. This appeal followed.[3]

## ISSUES

Plaintiff presents several issues for our review, each of which challenges the propriety of the trial court's decision to summarily dismiss her complaint. The dispositive issue is whether Dr. Lassiter shifted the burden of production to Plaintiff by affirmatively negating

---

[3]Plaintiff filed an earlier appeal which this Court dismissed and remanded to the trial because Dr. Lassiter had asserted a counterclaim against Plaintiff and that claim had not been resolved. *Zulueta v. Lassiter M.D.*, No. M2009-00743-COA-R3-CV, 2009 WL 2589016, at *3 (Tenn. Ct. App. Aug 21, 2009) (perm. app. denied March 15, 2010). On remand, Dr. Lassiter voluntarily dismissed her counterclaim.

an essential element of Plaintiff's medical malpractice claim and, if so, did Plaintiff present evidence sufficient to create a dispute of fact as to the essential elements at issue.

## STANDARD OF REVIEW

This appeal arises from the grant of summary judgment. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). It is not appropriate when genuine disputes regarding material facts exist. *See* Tenn. R. Civ. P. 56.04. The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court makes a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977). We consider the evidence in the light most favorable to the nonmoving party and resolve all inferences in that party's favor. *Stovall*, 113 S.W.3d at 721; *Godfrey*, 90 S.W.3d at 695. When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 215.

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

To make this showing and shift the burden of production, a moving party may: 1) affirmatively negate an essential element of the nonmoving party's claim; or 2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin*, 271 S.W.3d

at 83 (Tenn. 2008); *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd*, 847 S.W.2d at 215 n.5. Whichever approach the moving party takes, both require more than assertions of the nonmoving party's lack of evidence. *Martin*, 271 S.W.3d at 83-84. In addition, the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving party to prove its claim at trial. *Id.* at 84. The moving party must produce evidence or refer to previously submitted evidence. *Id.*; *accord Hannan*, 270 S.W.3d at 5. Thus, to negate an essential element of a claim, a moving party must refer to evidence that tends to disprove an essential element of the claim made by the nonmoving party. *Martin*, 271 S.W.3d at 84.

As the moving party, Dr. Lassiter has the burden to negate an essential element of Plaintiff's claim or establish that Plaintiff cannot prove an essential element of the claim at trial. *See Martin*, 271 S.W.3d at 83 (citing *Hannan*, 270 S.W.3d at 5; *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5).

## ANALYSIS

Plaintiff contends Dr. Lassiter negligently performed a physical Fitness for Duty Examination on Plaintiff and, as a consequence of Dr. Lassiter's professional negligence, Plaintiff was fired by USPS. These allegations constitute a medical malpractice claim. Allegations of medical malpractice are analyzed under Tenn. Code Ann. § 29-26-115 *et. seq*. *See Gunter v. Lab Corp. of America*, 121 S.W.3d 636, 639-641 (Tenn. 2003).

The medical malpractice statute requires a plaintiff prove three essential elements:

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). Unless the alleged negligence is within the common knowledge of lay people, *Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003); *Mercer v. HCA Health Services of Tennessee*, 87 S.W.3d 500, 507 (Tenn. Ct. App. 2002), the essential elements of a medical malpractice claim must be established by a medical expert licensed in Tennessee or a border state is required to establish each of these elements. Tenn. Code Ann. § 29-26-115(b); *Moon v. St. Thomas Hosp.* 983 S.W.2d 225, 229 (Tenn. 1998).

The professional negligence Plaintiff alleges is not within the common knowledge of lay people. Accordingly, Plaintiff is required to establish the essential elements of her claim by a medical expert licensed in Tennessee or a border state. Tenn. Code Ann. § 29-26-115(b); *Moon,* 983 S.W.2d at 229.

Dr. Lassiter filed a motion for summary judgment that was accompanied by her own affidavit as a medical expert witness. It states that she is a medical doctor who has practiced medicine in Tennessee since 1991, that she specializes in internal medicine and family care, and that she routinely performs physical Fitness for Duty Examinations as an "essential and integral part" of her practice. It also states that she is familiar with the recognized standards of acceptable professional practice of medicine and the performance of FFDEs in Davidson County, Tennessee, that the FFDE she performed on Plaintiff was performed in compliance with the accepted standard, and that she caused no harm to Plaintiff. The motion for summary judgment affirmatively negated two essential elements of Plaintiff's claims: (1) that she "acted with less than or failed to act with ordinary and reasonable care," and (2) that "as a proximate result of [her] negligent act or omission, the plaintiff suffered injuries which would not have otherwise occurred." Tenn. Code Ann. § 29-26-115(a)(2)-(3).

As a result, Dr. Lassiter's motion shifted the burden to Plaintiff, the nonmoving party, to establish the existence of the essential elements of her malpractice claim. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. As the nonmoving party, Plaintiff could not rely on the allegations or denials of her pleadings in carrying out this burden. Tenn. R. Civ. P. 56.05; *Byrd*, 847 S.W.2d at 215. Instead, she was required to "assert by discovery, affidavit, or other competent evidence, some materials fact or facts which taken as true, create a genuine issue of fact for trial." *Bell v. Bell*, 896 S.W.2d 559, 561 (Tenn. Ct. App. 1994). She failed to do so. Specifically, Plaintiff failed to provide the requisite expert medical proof to refute the sworn affidavit of Dr. Lassiter. Tenn. Code Ann. § 29-26-115(b); *Moon,* 983 S.W.2d at 229. Because Plaintiff did not file a response that was supported by competent medical proof, Dr. Lassiter's testimony is undisputed.

In medical malpractice actions "wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise." *Bowman v. Henard*, 547 S.W.2d 527, 531 (Tenn. 1977). There is no evidence to dispute the fact that the physical FFDE Dr. Lassiter performed on Plaintiff was "performed in a thorough, sensitive, and professional manner" and "in compliance with the recognized standard of acceptable professional practice for the performance of physical examinations

-6-

in the Davidson County, Tennessee community in 2006." Because Dr. Lassiter affirmatively negated an essential element of Plaintiff's claim, this action was properly dismissed.[4]

## CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Edna N. Zulueta.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[4]Plaintiff sued a third doctor in connection with the FFDEs that led to her termination from USPS. On June 12, 2009, she filed a *pro se* complaint against Stephen Montgomery, M.D., alleging that he committed medical malpractice by performing a "unwarranted and unjustified" fitness for duty evaluation of her for the USPS. *Zulueta v. Montgomery*, No. M2009-02406-COA-R3-CV, 2010 WL 3170774 at *1 (Tenn. Ct. App. Aug. 11, 2010). Dr. Montgomery filed a motion to dismiss for failure to state a claim, as well as on the grounds that he never had a physician-patient relationship with Plaintiff and that she failed to provide the requisite statutory notice for her medical malpractice claim. *Id.* Similar to the suits against Dr. Kyser and Dr. Lassiter, Plaintiff neither properly responded nor appeared to defend the defendant's motion, and it was granted. *Id.* The Court of Appeals affirmed, and finding that the appeal was frivolous, awarded attorney's fees to Dr. Montgomery. *Id.* at *4.