MEADOWBROOK COUNTRY CLUB,
Plaintiff-Respondent,

v.

STATE TAX COMMISSION of Missouri,
Defendant-Appellant.

No. 58960.

Supreme Court of Missouri,
Division No. 1.

June 14, 1976.

Motion for Rehearing to Supreme Court
en Banc or Transfer Denied
July 12, 1976.

Thomas W. Wehrle, St. Louis County Counselor, George W. Lang, II, Asst. St. Louis County Counselor, Clayton, for defendant-appellant.

Carter & Becker, Joe Bill Carter, John J. Allan, Clayton, for plaintiff-respondent.

LAURANCE M. HYDE, Special Commissioner.

Petition for review of an administrative determination by the State Tax Commission setting the assessment of real property owned by plaintiff in St. Louis County for real estate tax purposes. The Court quashed the Findings of Fact and Conclusions of Law of the Commission as not being timely filed and remanded the case to the Commission with rulings on the merits of the case and instructions as to how the Commission should rule on its reconsideration of the case. We have jurisdiction because this case involves the construction of revenue laws of this state, specifically § 137.115, RSMo 1969, requiring assessment at "true value in money" and § 138.470(4) providing for review of Tax Commission decisions "in the manner provided in sections 536.100 to 536.140, RSMo." Mo.Const. Art. V, § 3.

The property involved is a golf course of 187.07 acres and 64.63 acres not so used. The Commission's valuation of the golf course property was $3,500 per acre. Part of the other land involved was valued at $1,000 per acre and part at $450 per acre. Plaintiff's claim is that the golf course valuation should not exceed $2,500 per acre. The court's judgment quashed the Findings of Fact, Conclusions of Law and Decision of the State Tax Commission and then instructed the Tax Commission to find and conclude as follows:

"1. That the State Tax Commission cannot consider the 'amenities furnished by the club' in determining the value of the land since the only evidence of 'amenities furnished by the club' were the improvements which have been separately assessed.

"2. That the State Tax Commission cannot consider the improvements of the building and other structures as a factor in determining the value of the land.

"3. That the State Tax Commission is required to assess the value of the land and the improvements as separate items.

"4. That the State Tax Commission, in considering location as a criteria for equalization must consider the values for land that the County placed on other golf courses in the immediate surrounding location.

"5. That the State Tax Commission cannot consider the values the County placed on the land of other golf courses that are not in the immediate location unless the land uses surrounding such golf courses have some similarity to the land uses surrounding the subject tract.

"6. That the State Tax Commission, in considering development of the club as criteria, can only consider the cost of developing the golf course and not the cost of buildings and structures which have been assessed separately as improvements.

"7. That the State Tax Commission, in considering development of the club as criteria, if it uses the cost of the construction of the golf course cannot use a figure over and above $1,000.00 per acre since no other evidence exists with regard to such costs and the testimony presented before the Commission.

"8. That the State Tax Commission cannot ignore competent and substantial evidence of the valuations placed on surrounding ground by the County and of the valuation placed on the land of the only other golf courses in the area.

"9. That the State Tax Commission must consider the form of ownership of the golf course and the effect that that form of ownership has on the market value, if that form of ownership restricts or enhances the land's true value in money."

■ Defendant agrees that it failed to follow the requirements of the law in not handing down its findings of fact and conclusions of law concurrently with its decision regarding the real estate assessment of plaintiff. See § 536.090, RSMo 1969 and *Stephen & Stephen Properties, Inc. v. State Tax Commission*, 499 S.W.2d 798, 804 (Mo. 1973). Defendant offered to confess judgment as to that and have the case remanded to the Commission so that it could hand down findings of fact and conclusions of law as required by § 536.090. However, we consider the *Stephen* case to require the Commission on a remand for such reasons to "consider all relevant factors in the record bearing on the 'true value in money' of the property in question, and make proper findings of fact and conclusions of law to support its decision."

Defendant says the trial court exceeded the permissible scope of administrative review seeking to set its own opinion as to value citing *Xerox Corp. v. State Tax Commission*, 529 S.W.2d 413, 414, 415 (Mo. banc 1975), where the sole question was "what is the correct valuation to be placed on Xerox's equipment which it leases to the general public." We reversed and remanded with directions to reinstate the order of the State Tax Commission because we agreed with the Commission's basic assertion that the circuit court erroneously "sought to substitute its discretion for that vested in the Commission, in respect to the adoption

of a proper method for the valuation of leased business machine equipment for ad valorem tax purposes." See also *Drey v. State Tax Commission*, 345 S.W.2d 228, 236 (Mo.1961); *St. Louis County v. State Tax Commission*, 515 S.W.2d 446, 450 (Mo.1974); *John Calvin Manor, Inc. v. Aylward*, 517 S.W.2d 59, 63 (Mo.1974).

■ Defendant also says the trial court had no authority to order the State Tax Commission to consider the form of ownership of the property (which was joint ownership by plaintiff's members) as affecting its value. Defendant cites *NeBoShone Association v. State Tax Commission*, 58 Mich. App. 324, 227 N.W.2d 358, 363 (1975), where there was joint ownership of land by members of the association involved. The court said: "This restriction may well be advantageous to the individual stockholders, but it cannot affect the value of the property because if it would, the Association would be able to forbid any sale of the property for 5 or 10 years with the resultant argument that until the expiration of such period of time there is no market value of the property and therefore no possible true cash value and resulting assessment. A private individual could not self-impose a restriction whereby he might be able to avoid or limit paying his just share of the ad valorem taxes due to government, nor can a corporation." Our tax law, § 137.115, RSMo Supp.1973 provides for assessing all property "at thirty-three and one-third percent of its true value in money." We hold that the form of ownership shown here should not be considered in determining value for taxation.

Defendant also cites *Iron County v. State Tax Commission*, 480 S.W.2d 65 (Mo.1972), in which the trial court held the findings and conclusions of the Commission to be inadequate and ordered remand to the Commission because the court could not know the basis upon which the Commission acted. Certainly the trial court could not know the basis on which the Commission acted in this case when it acted without making any findings of fact.

■ Since the Tax Commission did not follow the requirements of the law by failing to hand down its findings of fact and conclusions of law with its decision as to the real estate assessment of plaintiff, as required by § 536.090, RSMo 1969, the circuit court should have remanded the case to the Commission for it to do that. *Stephen v. Stephen Properties, Inc. v. State Tax Commission*, supra; *St. Louis County Water Co. v. State Highway Commission*, 386 S.W.2d 119 (Mo.1964). In the latter case, we said " 'The Commission is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported.' " We followed this principle in *Iron County v. State Tax Commission*, supra, 480 S.W.2d l.c. 70, dismissing an appeal where there were "no findings of fact appearing in the Commission's 'Findings of Fact, Conclusions of Law and Decision' from which a Circuit Court could know the basis upon which the Commission reduced the assessment" involved. We dismissed the appeal and held the trial court's order of remand to State Tax Commission was proper. The same result is required in this case because the Commission did not comply with § 536.090; but the circuit court had no authority to direct the Commission as to matters it should and should not consider in making its decision.

It is ordered that case be remanded to the Circuit Court with directions to remand to the Commission.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.