IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 18, 2003 Session

## JESSE RANDALL FITTS, JR., ET AL. v. DR. DONALD ARMS d/b/a McMINNVILLE ORTHOPEDIC CLINIC, ET AL.

**Direct Appeal from the Circuit Court for Warren County**
**No. 31      Charles D. Haston, Judge**

_____

**No. M2002-00655-COA-R3-CV - Filed September 16, 2003**

_____

This appeal arises from a medical malpractice proceeding. The trial court granted summary judgment for both physicians, finding that Appellants' expert affidavits failed to raise a genuine issue of material fact. For the following reasons, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Robert L. Huskey, Manchester, TN, for Appellant

William C. Rieder, Tullahoma, TN, for Appellee Dr. Donald Arms, d/b/a McMinnville Orthopedic Clinic

F. Laurens Brock, H. Blake Sims, Attorneys for Appellee Dr. William Coger

**OPINION**

**Facts and Procedural History**

On February 28, 1998, Jesse Randall Fitts, Jr. ("Mr. Fitts") was involved in a single car accident, which rendered him unconscious and necessitated treatment at Columbia Riverpark Hospital ("Riverpark"). At Riverpark, Dr. William Coger ("Dr. Coger"), a radiologist, took x-ray films of Mr. Fitts' cervical and lumbar spine. Dr. Coger and Dr. Donald Arms ("Dr. Arms"), an orthopaedic specialist, both examined the films and found no fracture to Mr. Fitts' spine. Accordingly, Mr. Fitts was discharged from Riverpark without any efforts to stabilize his spine.

A month and a half following the accident, Mr. Fitts fell in the shower and sought treatment at the Medical Center of Manchester. At the Medical Center, Dr. David G. Florence ("Dr. Florence") ordered and viewed x-ray films that revealed a cervical fracture to Mr. Fitts' spine. Dr. Florence immediately stabilized the injury and referred Mr. Fitts to Dr. Phillip Megison ("Dr. Megison"), a neurosurgeon at Erlanger Hospital in Chattanooga. After trying several conservative methods that failed to remedy the injury, Dr. Megison performed a cervical fusion on July 29, 1998. In the course of treating Mr. Fitts, Dr. Megison had an opportunity to examine the x-ray films taken at Riverpark on February 28, 1998. According to Dr. Megison, one of these films revealed a fracture to the cervical spine that was overlooked by Drs. Coger and Arms in February. Mr. Fitts subsequently brought suit on February 26, 1999, in the Circuit Court of Warren County against Drs. Coger and Arms for medical malpractice. He alleged that the doctors' failure to timely diagnose and treat the spinal injury in February aggravated the condition, necessitating surgery rather than less intrusive means of treatment. Mr. Fitts' wife, Margie Fitts, brought her related consortium claims, as well.

In the course of trial preparation, Appellants' attorney took possession of the Riverpark radiology films from February 28, 1998 and entrusted them to a medical expert for review and analysis. The medical expert then lost the films for a time, and Drs. Arms and Coger filed a Motion for Order Compelling Production of Radiological Studies on July 14, 2000. The films were subsequently found by the medical expert's office, and the trial court ordered on August 22, 2000 that the films be returned to counsel for Rivermark. The films were then returned to Rivermark, with the exception of the cervical lateral film that allegedly revealed the spinal injury overlooked by Drs. Coger and Arms in February 1998. Both physicians filed a Motion to Compel production of the missing film on September 10, 2001. The trial court entered an order compelling production of the film by December 7, 2001, despite the contention of Appellants' attorney that the film was lost due to good faith error. The trial court held that failure to comply with the order by the given time would prevent Appellants from "entering the film or any information and/or testimony from any source or witness whatsoever gleaned from said film as evidence or otherwise use or refer to it in the adjudication of this matter." Appellants' attorney failed to produce the film by the ordered time.

On November 5, 2001, Dr. Coger filed a Motion for Summary Judgment, supported by his affidavit, a memorandum of law, and a statement of undisputed facts. Dr. Arms then filed a Motion for Summary Judgment on November 21, 2001, likewise supported by an affidavit, a memorandum of law, and a statement of undisputed facts. Appellants filed a response on February 12, 2002, in which they claimed that genuine issues of material fact still remained. Appellants used affidavits by Drs. Megison and Florence to support their contention. On February 22, 2002, the trial court granted summary judgment for both physicians, dismissing the case with prejudice. Thereafter, Appellants timely filed this appeal and raise the following issues for our review.

**Issues**

I.    Whether the lower court erred in refusing to allow Appellants' expert to present evidence by affidavit regarding the content of a missing radiology film.

II.   Whether the lower court erred in granting summary judgment to the Appellees despite the expert medical affidavits proffered by Appellants to contradict the Appellees' affidavits.

**Standard of Review**

This case comes before us on a grant of summary judgment. Summary judgment is properly entered in favor of a party when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Because summary judgment involves only questions of law and not factual disputes, no presumption of correctness attaches to the lower court's decision. Therefore, on appeal, we review the grant of summary judgment *de novo* to determine whether the precepts of Rule 56 have been satisfied. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991)(citing *Hill v. City of Chattanooga*, 533 S.W.2d 311, 312 (Tenn. Ct. App. 1975)).

**Law and Analysis**

The Appellants first ask this Court to determine whether the lower court erred in excluding the affidavits of Appellants' medical experts at the summary judgment hearing. This issue necessarily assumes that the trial court did exclude the expert affidavits proffered by Appellants. A review of the record, however, indicates that the lower court admitted the affidavits and considered them in making its determination. Indeed, in its order granting summary judgment, the lower court explicitly held that its decision was made "specifically including the affidavits of Dr. Phillip Megison and Dr. David G. Florence in their entirety and in the light most favorable to the [Appellants]." Accordingly, we hold that Appellants' first issue on appeal is without merit.

Appellants next ask us to determine whether the lower court erred in granting summary judgment to Appellees despite the expert affidavits offered by Appellants. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Appellants contend that the affidavits given by Drs. Megison and Florence raise genuine issues of material fact and that summary judgment was, therefore, inappropriate.

Tenn. R. Civ. P. 56.06 cautions that parties may not simply "rest upon the mere allegations or denials of the adverse party's pleading, but his or her response . . . must set forth specific facts showing there is a genuine issue for trial." When a motion for summary judgment is used defensively, the burden to raise a genuine issue of material fact may be shifted to the plaintiff. Specifically, in order to raise a genuine issue for trial, the plaintiff may be forced to substantiate its claims by establishing the essential elements of its case on which it will bear the burden of proof at

trial. *Blair v. Allied Maint. Corp.*, 756 S.W.2d 267, 270 (Tenn. Ct. App. 1988)(citing *Celotex Corp. v. Catrett*, 477 U.S., 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). If a plaintiff fails to establish those essential elements, the case may be dismissed on summary judgment for lack of any genuine issue for trial. *Blair*, 756 S.W.2d at 270.

In the present case, both Appellees filed defensive motions for summary judgment against the Appellants. Each motion was accompanied by an affidavit, a statement of undisputed facts, and a memorandum of law. The first question is whether these motions, with their related documents, were sufficient to shift the burden to Appellants, forcing them to substantiate their claims by establishing the essential elements of those claims upon which they will have the burden of proof at trial. If the burden is shifted to Appellants, and they fail to establish the essential elements of their claims, then no genuine issue of material fact remains, and summary judgment may be properly rendered against them. *Id.* The Tennessee Supreme Court enumerated the threshold which triggers burden-shifting in medical malpractice cases:

> [W]e hold that, in those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise.

*Bowman v. Henard*, 547 S.W.2d 527, 531 (Tenn. 1977). Note that this threshold may be satisfied by affidavits made solely by experts who are also defendants. *Smith v. Graves*, 672 S.W.2d 787, 789-90 (Tenn. Ct. App. 1984). Therefore, Appellees' own affidavits are capable of shifting the burden to Appellants so long as they "clearly and completely refute" Appellants' contention of medical negligence.

In order for Appellees' affidavits to effectively refute a claim of malpractice, they must present facts rebutting the allegations of Appellants' complaint as to at least one of the three statutory elements for medical malpractice actions. *White v. Methodist Hosp. South*, 844 S.W.2d 642, 648 (Tenn. Ct. App. 1992); *see also Bryant v. Baguss*, 1996 WL 465539, at *3 (Tenn. Ct. App. 1996). Tenn. Code Ann. § 29-26-115(a) enumerates those three elements:

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Accordingly, Appellees must be able to refute Appellants' contention as to either the acceptable standard of practice, the breach of that standard, or causation. To properly refute one of the statutory elements, a defendant must simply file an expert affidavit stating that all of his care and treatment of the plaintiff met the recognized standard of acceptable professional practice or that his treatment was not the cause of any injury to the plaintiff that plaintiff would not otherwise have suffered. *Bowman v. Henard*, 547 S.W.2d 527, 531 (Tenn. 1977); *see also Crowe v. Craig*, 1997 WL 359261, at *6 (Tenn. Ct. App. 1997).

In their affidavits, both Dr. Coger and Dr. Arms establish that they are familiar with the recognized standard of acceptable professional practice in the locality and at the time of Mr. Fitts' alleged injury; both affidavits also establish, to a reasonable degree of medical certainty, that no treatment rendered by either Appellee breached the acceptable standard. Dr. Arms also denies, to a reasonable degree of medical certainty, that his treatment was the proximate cause of any injury to Appellants. Both affidavits are sufficient to refute at least one of the statutory elements of medical malpractice, making Appellants' action properly dismissible on summary judgment in the absence of responsive proof by Appellants.

The final question to be addressed is whether Appellants' expert affidavits comprise responsive proof sufficient to establish the essential elements of the case on which Appellants will bear the burden of proof at trial. As already discussed, a claim for medical malpractice must establish the recognized standard of acceptable professional practice, breach by defendant of the standard, and causation. The affidavits of Drs. Megison and Florence, offered by Appellants, fail to establish these three essential elements. Each affidavit will be analyzed in turn.

Dr. Megison's affidavit fails to meet any of the three statutory criteria. First, Dr. Megison never states in his affidavit that he is familiar with the recognized standard of professional practice applicable to either Dr. Coger or Dr. Arms in the locality and at the time in question. This familiarity must be affirmatively established; we may not impute such knowledge to the affiant. *Mabon v. Jackson-Madison County Gen. Hosp.*, 968 S.W.2d 826, 831 (Tenn. Ct. App. 1997); *see also Bryant v. Bauguss*, 1996 WL 465539, at *3 (Tenn. Ct. App. 1996). Beyond this initial flaw, Dr. Megison's affidavit is also deficient as to the two remaining statutory elements. Nowhere in the affidavit does Dr. Megison opine that either Appellee failed to act in accordance with the applicable standard. Instead, he simply states that "a corrective or protective action" should be taken to treat a fracture of the cervical spine and that, to his knowledge, the Appellees did not take such action. This is insufficient to meet the standard of proof required by Tenn. Code Ann. § 29-26-115. "The testimony of a physician as to what he would do or his opinion of what should have been done does not prove the statutory standard of medical practice." *Roddy v. Volunteer Med. Clinic, Inc.*, 926 S.W.2d 572, 578 (Tenn. Ct. App. 1996). Finally, Dr. Megison fails to address causation in his affidavit. To satisfy the statutory requirement, Dr. Megison needs to opine that the Appellees' medical negligence more likely than not caused injuries to Appellants that would not otherwise have occurred. *Church*

*v. Perales*, 39 S.W.3d 149, 166 (Tenn. Ct. App. 2000). Total silence as to causation obviously falls short of this burden. Overall, Dr. Megison's affidavit suffers from three deficiencies, any one of which renders it incapable of creating a genuine issue of material fact that would preclude a grant of summary judgment.

Dr. Florence's affidavit, though ultimately inadequate, only fails to meet two of the statutory criteria. Unlike Dr. Megison, Dr. Florence clearly states his familiarity with the recognized standard of professional practice in his affidavit. This opens the door to Dr. Florence's expert opinion on breach of the standard and causation. Dr. Florence, however, fails to adequately address either of the two remaining topics. He simply states that "the standard of care would require stabilization or corrective action of such an injury [cervical spinal fracture] once detectable . . . to avoid further damage to the patient by lack of stabilization and treatment." This opinion is simply too vague to meet the statutory threshold. First, the standard of care enumerated by Dr. Florence only attaches once the injury becomes detectable. At no point does Dr. Florence opine that Mr. Fitts' injury was detectable on February 28, 1998. Additionally, assuming the standard of care is applicable, Dr. Florence does not state that the treatment rendered by the Appellees breached the standard. Finally, and perhaps most telling, Dr. Florence's affidavit makes no mention whatsoever of causation. Because it is necessary to establish each of the three statutory elements, this omission by itself precludes the creation of a genuine issue of material fact by the affidavit.

Overall, the affidavits submitted by Appellees in support of their motion for summary judgment create a presumption that no genuine issue of material fact exists. The burden then falls to Appellants to rebut that presumption, through expert opinion that establishes each element of a malpractice claim enumerated in Tenn. Code Ann. § 29-26-115. The expert affidavits proffered by Appellants fail to satisfy that burden. Accordingly, the presumption against any genuine issue of material fact remains, making a grant of summary judgment proper.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the decision of the trial court. Costs of appeal are taxed to the Appellants, Jesse Randall Fitts, Jr. and Margie Fitts, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE